**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| GEORGE T. CYRIL, SR. and EVERETTE S. JONAS, <br><br> PlaintiffS, <br><br> v. <br><br> JOSE PEREIRA, JR., JOSE CARRERO, CARIBBEAN SCRAP METAL, CARIBBEAN BARGE and A.R. SAVAGE & SONS, FIRSTBANK FLORIDA, ONESTEEL RECYLING, MARITECH COMMERCIAL, INC. <br><br> Defendants. | ) <br> ) <br> )    CASE NO. 1:16-CV-00017 <br> ) <br> ) <br> )    ACTION FOR DEBT AND <br> )    FORECLOSURE OF MORTGAGE <br> ) <br> ) <br> ) <br> ) <br> ) |

**REPLY TO PLAINTIFFS' OPPOSITION TO FIRSTBANK FLORIDA'S MOTION TO DISMISS**

The Plaintiffs have consistently failed to comply with the Federal Rules of Civil Procedure and this Court's Orders in prosecuting this lawsuit and have also failed to rebut Defendant FirstBank Florida's arguments in favor of dismissal for lack of personal jurisdiction and failure to state a cause of action. Neither the First Amended Complaint, nor the Second Amended Complaint, the latter filed without Court approval, state a cause of action against FirstBank. Merely stating that FirstBank's purported letter[1] regarding the amount of funds in the account of defendants Pereira and Carrero is "false" fails to satisfy the standard of pleading under Rule 8 as set forth in *Iqbal* and *Twombly*. Moreover, Plaintiffs' contention that FirstBank Florida is subject to "nationwide" service for the causes of action cited herein is erroneous. Accordingly, Plaintiffs' complaint against FirstBank Puerto Rico must be dismissed.

---

[1] A copy of the purported letter is provided by Plaintiffs at Doc. No. 50-1.

*Cyril v. Pereria, FirstBank Florida et al* Civ. No. 1:16-cv-00017
Reply to Motion to Dismiss Amended Complaint
Page **2** of **5**

### **Plaintiffs Have Failed to Show that the Court has Personal Jurisdiction Over FirstBank Florida**

Plaintiffs misstate the law when they claim that "banks are deemed to be subject to nationwide service of process according to federal law." The cases cited by Plaintiffs do not support that proposition and are inapposite. The court in *Trustees of Nat. Elevator Industry Pension, Health Benefit and Educational Funds v. Nordic Industries, Inc.*, 1997 WL 83742, at *4 (E.D.Pa. 1997) merely held that when the ERISA statute provides for nationwide service of process, then the court need not engage in a minimum contacts analysis to establish jurisdiction over the defendant. Likewise, the case *Max Daetwyler Corp. v. R. Meyer*, 762 F.2d 290, 292–93 (3d Cir. 1985) held that in the absence of a *governing federal statute* providing for nationwide service, the aggregated contacts of an alien *did not suffice* to establish in personam jurisdiction and that under Pennsylvania law, the defendant did not have sufficient contacts to subject it to the jurisdiction of the district court.[2] In this case, there is no federal statute governing the causes of action asserted against FirstBank Florida by Plaintiffs.

Moreover, Plaintiffs have made no allegations showing that FirstBank Florida engaged in any act to purposely avail itself of doing business in the Virgin Islands pursuant under 5 V.I.C. § 4903 or shown that there are minimum contacts sufficient to maintain personal jurisdiction in this matter.

The proffered letters refers to the account of Caribbean Scrap Metal, and notes that the account is with FirstBank Florida, located in Florida. The proffered letter also references an

---

[2] The case *Funquest Vacations* case could not be located but is cited *in In re South Canaan Cellular Investments, LLC*, 427 B.R. 85, 93 (Bkrtcy.E.D.Pa.,2010) for the proposition that Congress has established nationwide service of process in adversarial bankruptcy proceedings by enacting Fed. R. Bankr.P. 7004(d)).

Case: 1:16-cv-00017-WAL-EAH Document #: 62 Filed: 04/12/17 Page 3 of 5

*Cyril v. Pereria, FirstBank Florida et al* Civ. No. 1:16-cv-00017
Reply to Motion to Dismiss Amended Complaint
Page **3** of **5**

attached communication from Mr. Carrero (not provided by Plaintiffs) indicating that he intends the funds to be used for payment of goods sold by Jonas Scrap Metal & Recycling. There is no allegation that the letter was mailed to either plaintiff in the Virgin Islands or directly provided by FirstBank Florida to either plaintiff. Instead, the allegations are that the defendants Jose Carrero and Jose Pereira showed the letter to a third party. A letter written on behalf of an account holder to validate funds for a transaction cannot invoke personal jurisdiction over the bank. *See Hendrickson v. Reg O Co.*, 17 V.I. 457, 463, 1980 WL 626260, at *3 (DVI 1980) (holding that 4903(a)(1) did not apply as "Reg 0 transacted no business within this jurisdiction. It has no salesmen, offices, or agents in the Virgin Islands. Plaintiffs provided no evidence that Reg 0 entered into contracts here or that the direct sales ordered were destination contracts with delivery in the Virgin Islands.")

### Plaintiffs Have Failed to State a Cause of Action Against FirstBank Florida

The Plaintiffs also repeatedly fail to amend the pleadings to state a cause of action against FirstBank Florida. Even assuming arguendo for purposes of the motion to dismiss that FirstBank Florida had executed the purported letter proffered by defendants Jose Pereira and Jose Carrero, there is not a single fact suggesting that the contents of the proffered letter were false. Whether or not defendants Pereira failed to fulfill a promise to pay Plaintiffs is not proof that they had insufficient funds in the account to pay if they had chosen to do so. The entire assertion, that FirstBank Florida engaged in a scheme to deprive Plaintiffs of payment by providing the false letter, is nothing but wild speculation without any logical or factual foundation and fails to satisfy pleadings requirements for any cause of action against the Bank. In sum, Plaintiffs' claims against FirstBank Florida lack the "facial plausibility" that would "allow[] the court to draw the reasonable inference that the defendant is liable for the

*Cyril v. Pereria, FirstBank Florida et al* Civ. No. 1:16-cv-00017
Reply to Motion to Dismiss Amended Complaint
Page **4** of **5**

misconduct alleged." *Liburd v. Government of Virgin Islands*, 2013 WL 960780, at *3 (DVI 2013)

(quoting *Iqbal,* 556 U.S. at 678)).  Accordingly, the claims must be dismissed.

                                              Respectfully submitted,
                                              HUNTER & COLE

Dated:   April 12, 2017            By:   /s/Elise Catera
                                              Elise Catera, Esq.
                                              VI Bar No. 1153
                                              1138 King Street, 3rd Floor
                                              Christiansted, St. Croix
                                              U.S. Virgin Islands  00820
                                              ecatera@huntercolevi.com
                                              Tel.: (340)773-3535
                                              Fax: (340)778-8241

*Cyril v. Pereria, FirstBank Florida et al* Civ. No. 1:16-cv-00017
Reply to Motion to Dismiss Amended Complaint
Page **5** of **5**

# CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 12 day of April, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Ronald E. Russell, Esq.
The Russell Law Firm, LLP
P.O. Box 3259
Kingshill, VI 00851

Matthew J. Duensing, Esq., VI Bar No. 64
9800 Buccaneer Mall, Building 2, Suite 9
P.O. Box 6785
St. Thomas, Virgin Islands 00804
(340) 774-6011
mduensing@vilawyers.com

Nichols, Newman Logan Grey & Lockwood, PC
1131 King Street, Suite 204
Christiansted, St. Croix
U.S. Virgin Islands 00820
Telephone: 340-773-3200
Telefax: (340) 773-3409