**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

**GEORGE T. CYRIL, SR.** and **EVERETTE S. JONAS**,

Plaintiffs,

vs.

**JOSE PEREIRA, JR.**, **JOSE CARRERO**, **CARIBBEAN SCRAP METAL**, **CARIBBEAN BARGE**, **A.R. SAVAGE & SON, LLC**, **FIRST BANK FLORIDA**, **ONE STEEL RECYCLING** and **MARITECH COMMERCIAL, INC.**,

Defendants.

**CASE NO. 1:16-cv-00017-WAL-GWC**

**MARITIME CAUSES OF ACTION**

**JURY TRIAL DEMANDED**

**DEFENDANTS CARIBBEAN SCRAP, LLC's AND JÓSE CARRERO'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendants Caribbean Scrap, LLC and Jóse Carrero ("Defendants"), through their attorneys, Dudley, Topper and Feuerzeig, LLP, hereby submit their Answer and Affirmative Defenses to the Second Amended Complaint:

**INTRODUCTION AND NATURE OF ACTION**

1. Defendants neither admit nor deny this allegation because it does not make allegations of fact, but instead purports to summarize the general nature of the claims asserted in the Second Amended Complaint.

2. Defendants deny that any such claims are pled in the Second Amended Complaint.

3. Defendants deny that any such claims are pled in the Second Amended Complaint.

4. Defendants admit only that the Second Amended Complaint contains counts which are so denominated.

JURISDICTION AND VENUE

1. Defendants neither admit nor deny the allegations of this paragraph for the reason that it is without sufficient facts to form a belief as to their truth or falsity.

2. Defendants neither admit nor deny the allegations of this paragraph for the reason that it is without sufficient facts to form a belief as to their truth or falsity.

THE PARTIES

1. Defendants neither admit nor deny the allegations of this paragraph for the reason that it is without sufficient facts to form a belief as to their truth or falsity.

2. Defendants neither admit nor deny the allegations of this paragraph for the reason that it is without sufficient facts to form a belief as to their truth or falsity.

3. Denied in the form alleged. By way of further answer, Defendants state that the name of the entity served is Caribbean Scrap, LLC, not Caribbean Scrap Metals, and it is a citizen of Florida.

4. Defendants neither admit nor deny the allegations of this paragraph for the reason that it is without sufficient facts to form a belief as to their truth or falsity.

5. Defendants neither admit nor deny the allegations of this paragraph for the reason that it is without sufficient facts to form a belief as to their truth or falsity.

6. Defendants neither admit nor deny the allegations of this paragraph for the reason that it is without sufficient facts to form a belief as to their truth or falsity.

7. Defendants neither admit nor deny the allegations of this paragraph for the reason that it is without sufficient facts to form a belief as to their truth or falsity.

8. Denied. By way of further answer, Defendants state that Jóse Carrero is

not personally in the business of buying scrap metal, and did not buy any of the scrap metal that is the subject of this Complaint.

9. Denied. By way of further answer, Defendants state that Jóse Pereira is not personally in the business of buying and selling scrap metal, and did not buy any of the scrap metal that is the subject of this Complaint.

THE CORRUPT ENTERPRISE OF THEFT/GRAND LARCENCY

1. Defendants neither admit nor deny the allegations of this paragraph for the reason that it is without sufficient facts to form a belief as to their truth or falsity.

2. Defendants deny that Jóse Carrero had any business relationship with Everett Jonas or Jonas Metal & Recycling, and also state by way of further answer that Defendant Caribbean Scrap, L.L.C. and Defendant Jóse Pereira had no business relationship with Everett Jonas or Jonas Metal & Recycling. Defendants neither admit nor deny the allegations of this paragraph for the reason that it is without sufficient facts to form a belief as to their truth or falsity.

3. Defendants neither admit nor deny the allegations of this paragraph for the reason that it is without sufficient facts to form a belief as to their truth or falsity.

4. Defendants neither admit nor deny the allegations of this paragraph for the reason that it is without sufficient facts to form a belief as to their truth or falsity.

5. Defendants neither admit nor deny the allegations of this paragraph for the reason that it is without sufficient facts to form a belief as to their truth or falsity.

6. Defendants deny that either Jóse Carrero or Jóse Pereira met Plaintiff Cyril on the date and time alleged in this paragraph.

7. Denied as untrue.

8. Denied as untrue.

9. Denied as untrue.

10. Denied as untrue.

11. Denied as untrue.

12. Denied as untrue.

13. Denied as untrue.

14. Denied as untrue.

15. Denied as untrue.

16. Defendants neither admit nor deny the allegations of this paragraph for the reason that it is without sufficient facts to form a belief as to their truth or falsity.

17. Denied as untrue.

18. Denied as untrue.

19. Denied as untrue.

20. Denied as untrue.

21. Defendants neither admit nor deny the allegations of this paragraph for the reason that it is without sufficient facts to form a belief as to their truth or falsity.

22. Defendants neither admit nor deny the allegations of this paragraph for the reason that it is without sufficient facts to form a belief as to their truth or falsity.

23. Defendants neither admit nor deny the allegations of this paragraph for the reason that it is without sufficient facts to form a belief as to their truth or falsity.

24. Defendants admit only that neither of them paid any monies to Plaintiff Cyril, as neither had any contract with Cyril or owed Cyril any money for the scrap. Defendants neither admit nor deny the allegations of this paragraph for the reason that it is without sufficient facts to form a belief as to their truth or falsity.

25. Defendants neither admit nor deny the allegations of this paragraph for the

reason that it is without sufficient facts to form a belief as to their truth or falsity.

26. Denied in the form alleged. By way of further answer, Defendants state that Caribbean Scrap, LLC, Jóse Carrero and Jóse Pereira were not parties to any contract with either of the Plaintiffs or with Jonas Scrap Metal & Recycling, LLC. ("Jonas Scrap"), and further state that a corporation named Seacape Shipping & Trading, LLC did have a contract with Jonas Scrap.

27. Defendants neither admit nor deny the allegations of this paragraph for the reason that it is without sufficient facts to form a belief as to their truth or falsity.

28. Defendants neither admit nor deny the allegations of this paragraph for the reason that it is without sufficient facts to form a belief as to their truth or falsity.

29. Defendants neither admit nor deny the allegations of this paragraph for the reason that it is without sufficient facts to form a belief as to their truth or falsity.

30. Defendants neither admit nor deny the allegations of this paragraph for the reason that it is without sufficient facts to form a belief as to their truth or falsity.

31. Defendants neither admit nor deny the allegations of this paragraph for the reason that it is without sufficient facts to form a belief as to their truth or falsity.

**COUNT I – GRAND LARCENY**

32. Defendants incorporate their responses to paragraphs 1 through 31, above.

33. Denied as untrue.

34. Defendants neither admit nor deny the allegations of this paragraph for the reason that it is without sufficient facts to form a belief as to their truth or falsity.

35. Denied as untrue.

**COUNT II – CONVERSION**

36. Defendants incorporate their responses to paragraphs 1 through 35, above.

37. Denied as untrue.

38. Denied as untrue.

39. Denied as untrue.

40. Denied as untrue.

**COUNT III**

41. Defendants incorporate their responses to paragraphs 1 through 40, above.

42. Denied as untrue.

43. Denied as untrue.

44. Denied as untrue.

45. Denied as untrue.

**COUNT IV - BREACH OF CONTRACT**

46. Defendants incorporate their responses to paragraphs 1 through 45, above.

47. Denied as untrue. By way of further answer, Defendants state that Caribbean Scrap, LLC, Jóse Carrero and Jóse Pereira were not parties to any contract with either of the Plaintiffs or with Jonas Scrap, and also state that a corporation named Seacape Shipping & Trading, LLC did have a contract with Jonas Scrap, and that Seacape Shipping & Trading, LLC paid Jonas Scrap amounts owed to it pursuant to that contract.

48. Denied as untrue.

49. Denied as untrue.

**COUNT IV – BREACH OF GOOD FAITH & FAIR DEALING**

50. Defendants incorporate their responses to paragraphs 1 through 49, above.

51. Defendants neither admit nor deny the allegations of this paragraph for the reason that it purports to describe Virgin Islands law.

52. Denied as untrue.

**COUNT V - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

53. Defendants incorporate their responses to paragraphs 1 through 52, above.

49. [Misnumbered in Complaint]. Denied as untrue. See Defendants' response to paragraph 47, above.

50. [Misnumbered in Complaint]. Denied as untrue.

51. [Misnumbered in Complaint]. Denied as untrue.

52. [Misnumbered in Complaint]. Denied as untrue.

Wherefore, Defendants Caribbean Scrap, LLC and Jóse Carrero request that this Honorable Court dismiss all counts asserted in this Second Amended Complaint with prejudice, and that it award them attorney fees incurred in defending this lawsuit.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs have failed to state any claim upon which relief can be granted.

2. This Court lacks personal jurisdiction over Defendants Caribbean Scrap, LLC and Jóse Carrero.

3. Plaintiffs have failed to join required parties to this lawsuit.

4. Plaintiffs' claims are barred by the doctrine of laches and the statute of limitations.

5. Plaintiffs' claims are barred by the statute of frauds.

6. Plaintiffs' claims are barred in part or in full by estoppel.

7. Jonas Scrap Metal & Recycling, LLC, the unjoined entity which entered a contract regarding the scrap metal that is the subject of this Complaint, has been paid amounts owed to it.

8. Any dispute between Jonas Scrap Metal & Recycling, LLC and Seacape

Shipping and Trading, LLC regarding amounts allegedly owed under the contract between them for the sale of scrap metal is subject to mandatory arbitration to be conducted by the International Chamber of Commerce in New York City, pursuant to an arbitration clause in their contract.

Respectfully submitted,

**DUDLEY, TOPPER AND FEUERZEIG, LLP**

**DATED**: October 9, 2017 By: /s/ Stefan B. Herpel

**STEFAN B. HERPEL** (V.I. Bar #1019)
Law House
1000 Frederiksberg Gade
P.O. Box 756
St. Thomas, U.S.V.I. 00804-0756
Telephone: (340) 774-4422
E-Mail: sherpel@dtflaw.com

Attorneys for Caribbean Scrap, LLC and Jóse Carrero

**CERTIFICATE OF SERVICE**

It is hereby certified that on this 9th day of October, 2017, I electronically filed the foregoing **DEFENDANTS CARIBBEAN SCRAP, LLC's AND JÓSE CARRERO'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Ronald E. Russell, Esq.
P.O. Box 3259
Kingshill, VI 00851

Matthew J. Duensing, Esq.
9800 Bucccaneer Mall, Bldg. 2, Ste. 9
St. Thomas, VI 00804

Elise Catera, Esq.
1138 King St., 3rd Floor
Christiansted, VI 00804

Charles E. Lockwood, Esq.
1131 King St., Ste. 204
Christiansted, VI 00820

/s/Stefan B. Herpel