**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **GEORGE T. CYRIL, SR.** and **EVERETTE S. JONAS**, <br><br>          Plaintiffs, <br><br> vs. <br><br> **JOSE PEREIRA, JR.**, **JOSE CARRERO**, **CARIBBEAN SCRAP METAL**, **CARIBBEAN BARGE**, **A.R. SAVAGE & SON, LLC**, **FIRST BANK FLORIDA**, **ONE STEEL RECYCLING** and **MARITECH COMMERCIAL, INC.**, <br><br>          Defendants. | **CASE NO. 1:16-cv-00017-WAL-GWC** <br><br> **MARITIME CAUSES OF ACTION** <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS JOSÉ CARRERO'S AND**
**CARIBBEAN SCRAP, LLC's STATEMENT OF UNDISPUTED MATERIAL FACTS**

Defendants José Carrero and Caribbean Scrap, LLC, through its undersigned counsel, pursuant to Local Rule of Civil Procedure 56.1(a)(1), hereby provide the following statement of undisputed material facts in support of their Motion for Summary Judgment filed contemporaneously herewith.

1.     On or about March 29, 2010, Jonas Scrap Metal & Recycling ("Jonas Scrap") and a limited liability company named Seacape Shipping & Trading, LLC ("Seacape"), whose sole member is Defendant José Pereira ("Pereira"), entered a contract (the "contract") under which Seacape agreed to purchase scrap metal from Jonas Scrap that was in St. Croix.  *See* Exhibit 1, Declaration of Carrero, ¶¶ 4-5, and

Exhibit A, the Contract, attached to the Carrero Declaration.[1]

2. Neither Caribbean Scrap, LLC ("Caribbean Scrap"), a Florida limited liability company whose sole member is José Carerro ("Carrero"), nor Carrero were parties to the contract. See Exhibit 1, ¶¶ 10, 13.

3. Everette S. Jonas signed the contract on behalf of Jonas Scrap, and Pereira signed it on behalf of Seacape. Seacape is in the business of purchasing and selling steel products, including but not limited to scrap metal. See Exhibit 1, ¶¶ 4,5; see also Exhibit A, signature page.

4. Under the contract, Jonas Scrap was obligated to sell to Seacape 4,500 metric tons of scrap metal that met certain specifications, and to load the scrap metal on a vessel at a pier in St. Croix. See Exhibit 1, ¶ 6, Exhibit A, ¶¶ 2, 3, 6. The contract also provided that the buyer had a right to inspect the scrap metal in the Virgin Islands before it was shipped, in order to ensure that it met the specifications set forth in the contract. See Id. at ¶2.

5. Seacape, through its owner, Defendant Pereira, engaged Defendant Carrero to come to the Virgin Islands to assist Pereira in inspecting the scrap metal being purchased and overseeing its shipment from St. Croix. Carrero flew to the Virgin Islands in April 2010, and remained there for a short time to assist Pereira in inspecting the scrap and ensuring that it was shipped from St. Croix to Florida. See Exhibit 1, ¶¶ 8, 9.

---

[1] Exhibit A, the contract between Seacape and Jonas, is appended to the Declaration of Jose Carrero, which in turn is attached hereto as Exhibit 1. In the interests of brevity, Defendants will cite to the contract simply as Exhibit A, without also referencing Exhibit 1 to which it is appended.

6.Although Carrero did converse with Everette Jonas while he was in St. Croix, he was not a party to the contract, as noted above, and had no authority to agree with Jonas to any alteration of any of the terms of that contract.  Nor did he purport to make any modifications to the contract in any conversation or writing with Everette Jonas or any other person.  *See* Exhibit 1, ¶¶ 9, 10.

7.Jonas Scrap was paid a deposit of $65,000, and thereafter, on or about April 12, 2010, was paid an additional sum of $45,298.47 for the scrap metal that was loaded and shipped to Florida from St. Croix.  The computations to arrive at the $45,298.47 figure are based on the terms of the contract and the weight of the material shipped.  Those computations were provided to Everette Jonas on April 12, 2010.  *See* Exhibit 1, ¶ 11.

8.In subsequent email correspondence between Everette Jonas and Pereira in October 2012, Jonas stated that an additional amount of $15,000 was owed for the sale of the scrap to Seacape, over and above the amounts already paid (i.e., the $110,298.47 referenced above).  *See* Exhibit 1, ¶ 12.  Pereira responded by advising Everette Jonas that another individual had demanded payment for the scrap, and even if any amounts were owed to Jonas, those amounts could not be paid as long as other claims could possibly be asserted.  *See id.* at ¶ 12.  Jonas in turn responded by asserting that no party other than him contracted to sell the scrap.  *See* Exhibit 2.

        Respectfully submitted,

        **DUDLEY, TOPPER AND FEUERZEIG, LLP**

**DATED**:  January 23, 2018  By:  /s/ Stefan B. Herpel
        **STEFAN B. HERPEL** (V.I. Bar #1019)
        Law House
        1000 Frederiksberg Gade
        P.O. Box 756
        St. Thomas, U.S.V.I.   00804-0756
        Telephone:   (340) 774-4422
        Telecopier:   (340) 715-4400
        E-Mail:   sherpel@dtflaw.com

        Attorneys for Defendants
        José Carrero and Caribbean Scrap, LLC

## CERTIFICATE OF SERVICE

It is hereby certified that on this 23rd day of January, 2018, I electronically filed the foregoing **DEFENDANTS JOSÉ CARRERO'S AND CARIBBEAN SCRAP, LLC's STATEMENT OF UNDISPUTED MATERIAL FACTS** with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Ronald E. Russell, Esq.
**THE RUSSELL LAW FIRM, LLP**
P.O. Box 3259
Kingshill, St. Croix
U.S. Virgin Islands 00851

E-Mail: canaanlawgroup@gmail.com

Elise Catera, Esq.
**HUNTER & COLE**
1138 King Street, 3rd Floor
Christiansted, St. Croix
U.S. Virgin Islands 00820

E-Mail: ecatera@huntercolevi.com

Michael E. Fitzsimmons, Esq.
**THE LAW OFFICES OF DUENSING & CASNER**
9800 Buccaneer Mall, Bldg. 2, Suite 9
P.O. Box 6785
St. Thomas, VI 00804

E-Mail: mfitzsimmons@vilawyers.com

Charles E. Lockwood, Esq.
**NICHOLS, NEWMAN, LOGAN & GREY, P.C.**
1131 King Street - Suite 204
Christiansted, St. Croix
U.S. Virgin Islands   00820

E-Mail: clockwood@nnldlaw.com

/s/ Stefan B. Herpel

5