**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| GEROGE T. CYRIL, SR., and ) <br> EVERETTE S. JONAS, ) <br> ) <br>      **Plaintiffs,** ) <br> ) <br>      v. ) <br> ) <br> JOSE PERERIA, JR.; JOSE CARRERO; ) <br> CARIBBEAN SCRAP METAL; ) <br> CARIBBEAN BARGE; A.R. SAVAGE & ) <br> SON, LLC; FIRST BANK FLORIDA; ) <br> ONE STEEL RECYCLING; and ) <br> MARITECH COMMERCIAL, INC., ) <br> ) <br>      **Defendants.** ) <br> _____) | Civil Action No. 2016-0017 |

**Attorneys:**
**Ronald E. Russell, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiffs*

**Charlotte K. Perrell, Esq.,**
**Stefan B. Herpel, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendants Jose Carrero and*
    *Caribbean Scrap Metal*

**Elise Catera, Esq.,**
**Warren B. Cole, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant First Bank of Florida*

**Charles E. Lockwood, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant One Steel Recycling*

**Matthew J. Duensing, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendant Maritech Commercial, Inc.*

## MEMORANDUM OPINION AND ORDER

**Lewis, District Judge**

THIS MATTER comes before the Court on the Report and Recommendation ("R&R") from Magistrate Judge George W. Cannon, Jr. (Dkt. No. 96). The Court referred the following motions to the Magistrate Judge for a R&R: Defendant Maritech Commercial, Inc.'s ("Maritech") Motion to Dismiss Amended Complaint (Dkt. No. 59); Defendant FirstBank Florida's ("FirstBank") Motion to Dismiss Second Amended Complaint (Dkt. No. 66); Defendant OneSteel Recycling's ("OneSteel") Motion to Dismiss Second Amended Complaint (Dkt. No. 67); and Defendant Jose Carrero ("Carrero") and Caribbean Scrap, LLC's ("Caribbean") Motion for Summary Judgment. (Dkt. No. 69).

The Magistrate Judge issued his R&R on June 15, 2021 (Dkt. No. 96) recommending dismissal of Plaintiffs' claim under the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, for failure to state a claim. *Id.* at 10-19. The Magistrate Judge also recommends that the Court decline to exercise supplemental jurisdiction over Plaintiffs' local claims under 28 U.S.C. § 1367(c)(3). *Id.* at 20.

After receiving an extension of time to file their Objections (Dkt. No. 99), Plaintiffs objected to the Magistrate Judge's R&R. (Dkt. No. 100). Specifically, Plaintiffs assert that the Magistrate Judge erred in recommending dismissal of their RICO claim because none of the Defendants' motions challenged the RICO claim set out in the Second Amended Complaint. *Id*. at 1-2. Plaintiffs also assert that they have pleaded sufficient facts to support their RICO claim. *Id.* at 3-6. Finally, Plaintiff argue that they pleaded their fraud claims with sufficient particularity to satisfy FED. R. CIV. P. 9(b). *Id.* at 7-8.

Only Defendants Caribbean and Carrero filed a response to Plaintiffs' Objections. (Dkt. No. 102). These Defendants agree with the R&R's conclusion that Plaintiffs failed to adequately plead a RICO claim and urge the Court to follow the Magistrate Judge's recommendations. *Id.* These Defendants do not address Plaintiffs' argument that none of the motions referred to the Magistrate Judge raised challenges to the RICO claim. *Id.*

Under 28 U.S.C. § 636(b)(1)(B), a district judge may submit a dispositive motion to a magistrate judge for proposed findings of fact and a recommendation for disposition of the motion. If timely objections are filed by a party, the district judge must make a *de novo* determination of the proposed findings and recommendation to which objection is made. *Id. Sussman v. PCGNY Corp.*, No. 3:2013-cv-0125, 2020 WL 7706515, at *4 (D.V.I. Dec. 28, 2020). When conducting a *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions in the R&R. 28 U.S.C. § 636(b)(1).

Based on the Court's review of the R&R, the Court will sustain Plaintiffs' Objection on the ground that the R&R addresses issues not raised by any of the Defendants in their various Motions. In its Motion to Dismiss (Dkt. No. 59), Maritech argued that Plaintiffs had failed to allege any facts to support a claim against it related to Plaintiffs' transactions with the other Defendants; failed to state sufficient facts establishing a plausible claim for breach of duty of good faith and fair dealing; and failed to plead with particularity any allegations of fraud. Maritech also asserted that Plaintiffs' claims were barred by the statute of limitations found in 46 U.S.C. § 30106. (Dkt. No. 59). FirstBank's Motion to Dismiss asserted that the Court lacked personal jurisdiction over it and that Plaintiffs' Second Amended Complaint failed to state a plausible claim for fraud or any other tort. (Dkt. No. 66). Similarly, OneSteel moved to dismiss based on insufficiency of service

3

of process and lack of personal jurisdiction. (Dkt. No. 67). Finally, Defendants Caribbean and Carrero moved for summary judgment without making any RICO arguments. (Dkt. No. 69).

The Court possesses limited authority to *sua sponte* dismiss a complaint against non-moving parties or on grounds not raised by the parties. In doing so, however, the court must give the plaintiff notice and an opportunity to respond to the issues being addressed *sua sponte*. *Chen v. KPMG LLP*, No. 21-1202, 2021 WL 4520645, at *3 n.6 (3d Cir. Oct. 4, 2021) (discussing court's ability to dismiss a clearly defective complaint against nonmoving defendants based on another defendant's Motion to Dismiss). "The general rule is that [only] 'in limited circumstances, *sua sponte* dismissals of complaints under Rule 12(b)(6) . . . are appropriate,' but that 'such dismissals are erroneous unless the parties have been afforded notice and an opportunity to amend the complaint or otherwise respond.'" *Martinez-Rivera v. Sanchez Ramos*, 498 F.3d 3, 7 (1st Cir. 2007) (citations omitted); *see also Bethea v. Nation of Islam*, 248 F. App'x 331, 333 (3d Cir. 2007). Absent notice and an opportunity to respond, the party defending the dismissal must show that "the allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption." *Bethea*, 248 F. App'x at 333; *see also Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) (*sua sponte* dismissal without notice is only permitted if the complaint is clearly baseless).

In view of the foregoing, the Court will sustain Plaintiffs' Objection and vacate the R&R on the ground that it addresses issues not raised in Defendants' Motions. The Motions (Dkt. Nos. 59, 66, 67 and 69) will be referred back to the Magistrate Judge for a Report and Recommendation that addresses the pertinent issues.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Plaintiffs' Objection (Dkt. No. 100) to the Magistrate Judge's Report and Recommendation is **SUSTAINED** for the reasons stated herein; and it is further

**ORDERED** that the Magistrate Judge's Report and Recommendation (Dkt. No. 96) is **VACATED**; and it is further

**ORDERED** that Defendants' Motions (Dkt. Nos. 59, 66, 67 and 69) are **REFERRED** to the Magistrate Judge for a Report and Recommendations that addresses the issues raised in Defendants' Motions.

**SO ORDERED.**

Date:   November 8, 2021

_____/s/_____
WILMA A. LEWIS
District Judge