**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

**GEORGE T. CYRIL and EVERETTE S. JONAS,**

**Plaintiffs,**

**v.**

**JONAS PEREIRA, JR., JOSE CARRERO, CARIBBEAN SCRAP METAL, CARIBBEAN BARGE, A.R. SAVAGE & SONS, FIRSTBANK FLORIDA, ONESTEEL RECYCLING, and MARITECH COMMERCIAL INC.,**

**Defendants.**

**1:16-cv-00017-WAL-GWC**

**TO: Ronald E. Russell, Esq.**
**Charlotte K. Perrell, Esq.**
**Stefan B. Herpel, Esq.**
**Elise Catera, Esq.**
**Warren B. Cole, Esq.**
**Charles Edward Lockwood, Esq.**
**Matthew J. Duensing, Esq.**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court upon the Order of Judge Wilma A. Lewis (ECF No. 105) re-referring Defendant Maritech Commercial, Inc.'s Motion to Dismiss Amended Complaint (ECF No. 59) to the undersigned for a Report and Recommendation.[1] Plaintiffs filed a response in opposition (ECF No. 63).[2] Defendant Maritech filed a reply (ECF No. 86).

[1] Defendant incorporates their initial Motion to Dismiss (ECF No. 20). Defendant inaccurately identifies their initial motion to dismiss as ECF No. 22. Mot. at 1.
[2] Plaintiff filed a duplicate opposition over a year later on July 7, 2018. ECF No. 79.

Defendant Maritech Commercial, Inc. (Maritech) moves to dismiss Plaintiffs' Second Amended Complaint (SAC)[3] on the grounds that Plaintiffs have failed to state claims upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Mot. at 1. Plaintiffs oppose, stating that "the court must accept the allegations as true" and that "the court can draw inferences from the facts which would support a claim for relief from the defendants." Opp'n at 4.

## I. BACKGROUND

Plaintiffs allege that sometime in April 2010 Plaintiffs George T. Cyril (Cyril) and Everett Jonas (Jonas) "entered into an agreement for Jonas['s company] to purchase scrap metal from George T. Cyril." SAC (ECF No. 65) at 4. Plaintiffs further allege that on April 8, 2010, in the middle of the scrap metal at issue being loaded onto a barge at the Gordon A. Finch Molasses Pier in St. Croix, Cyril agreed to sell the scrap metal to Defendants Jose Pereira, Jr. (Pereira) and Jose Carrero (Carrero). *Id*. at 4-6. Plaintiff Cyril did not trust the draft survey.[4] *Id*. at 5. Plaintiffs allege that Plaintiff Cyril agreed to sell directly to Defendants Pereira and Carrero on the condition that Defendants Pereira and Carrero would pay the full amount of the average weight of the previous weight of the trucks that

---

[3] While the motion is directed to the First Amended Complaint, because the only difference between the First Amended Complaint and the Second Amended Complaint is the addition of Everette S. Jonas, who was a named plaintiff in the original complaint, as a plaintiff, the Court "exercise[s] its discretion to consider Maritech's Motion to Dismiss the First Amended Complaint as directed to the Second Amended Complaint." Order (ECF No. 71) entered March 19, 2018, at 4, and Order (ECF No. 94), entered August 3, 2020, at 2.

[4] Plaintiffs have not provided a draft survey with their SAC or Opposition; however, Plaintiffs attached a draft survey by Defendant Maritech to their Opposition to Defendants' Carrero and Caribbean Steel, LLC's Motion for Summary Judgment (ECF No. 77-8).

were weighed in the morning. *Id*. at 6. Plaintiffs then allege that the following morning, Cyril discovered that the barge had left the pier, without Cyril receiving payment. *Id*. at 6. Plaintiffs allege that Cyril "followed the barge to Tampa[,] Florida," where the scrap metal was being unloaded." *Id.* According to the SAC, the scrap metal was unloaded at Defendant OneSteel Recycling. *Id*. Plaintiffs claim that they were never paid for the scrap metal that belonged to them, that "Defendants conspired together to steal plaintiffs' scrap metal . . . ." *Id*. at 7.

Plaintiffs assert claims of grand larceny/theft, conversion, misrepresentation,[5] breach of contract, breach of good faith and fair dealing, and intentional infliction of emotional distress against "defendants" generally. *Id.* at 7-9. In their opposition to the instant motion, Plaintiffs specify that grand larceny/theft, conversion, breach of contract, breach of good faith and fair dealing, and intentional infliction of emotional distress are brought against Defendant Maritech. Opp'n at 1.

Defendant Maritech is identified by Plaintiffs as "a marine and scrap surveyor company doing business in Florida and the Caribbean" with a "well developed business relationship" with Plaintiff Jonas. SAC at 3-4. Plaintiffs do not describe any actions taken by Defendant Maritech in their recounting of the facts. SAC at 4-7, ¶ 1-31.

## II. LEGAL STANDARD

[5] Count III is unlabeled; however, Plaintiffs have referred to a claim of misrepresentation—presumably Count III—in their Opposition to Defendants José Carrero and Caribbean Scrap, LLC's Motion for Summary Judgment (ECF No. 77) and Opposition to Defendant FirstBank Florida's Motion to Dismiss Second Amended Complaint (ECF No. 80).

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "may be granted only if, accepting all well-pleaded allegations as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc*., 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Thus, the "allegations must have 'facial plausibility,' meaning that 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Castleberry v. STI Group*, 863 F.3d 259, 263 (3d Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted)). Although the Court must accept well-pleaded facts as true, it need not "'accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation.'" *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations and internal quotation marks omitted)). The defendant "bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted).

## III. DISCUSSION

Accepting Plaintiffs' allegations as true, no factual allegations have been made regarding Defendant Maritech. The SAC asserts legal conclusions about "defendants" generally. A plain reading of the SAC contains only conclusions, but no factual content

regarding any alleged wrongdoing perpetrated by Defendant Maritech.[6] Nevertheless, this Court will discuss each claim.

A plain reading of the SAC does not allege any representations made by Maritech, any actions taken by Defendant, nor any contractual relationship between Defendant Maritech and Plaintiffs. Standing on its own, Plaintiffs' SAC did not allege claims against Maritech specifically but referred to "defendants" without specificity. *See* SAC. In the absence of any factual content, the court cannot draw the reasonable inference that Defendant Maritech is liable for the misconduct alleged.

Defendant argues that "[t]here are no actual allegations in the Amended Complaint that the survey was inaccurate or Maritech in any way attempted to deceive or defraud Plaintiff." Mot. at 2. This Court agrees.

**1. Defendant's Cited Statute of Limitations is Inapplicable**

Except as otherwise provided by law, a civil action for damages for personal injury or death arising out of a maritime tort must be brought within 3 years after the cause of action arose. 46 U.S.C. § 30106.

Defendant argues that Plaintiffs' claims for theft, conversion, and intentional infliction of emotional distress "are barred by the applicable three[-]year statute of limitations." Mot. at 3; *see also* Reply at 2 (citing 46 U.S.C. § 30106). Plaintiffs do not address this argument. *See* Opp'n.

---

[6] For example, Plaintiffs' refer to having "heard of instances of other [C]aribbean scrap metal dealers being short changed by the draft survey of this barge company" without specifying the barge company. SAC at 5.

The statute of limitations cited by Defendant—46 U.S.C. § 30106—relates to a maritime action for personal injury. As the Second Amended Complaint no longer pleads any maritime actions, this statute of limitations is no longer applicable to the Second Amended Complaint.

**2. Grand Larceny/Theft is Mispleaded**

Grand larceny is a crime. *See* 14 V.I.C. §§ 1081, 1083. Count I in Plaintiffs' SAC is "Grand Larceny/Theft," which is a criminal claim and thus will not be addressed by the Court here. Plaintiffs reiterate in their Opposition that they allege a claim of theft, but do not clarify or cite to any civil legal standard for said claim. *See* Opp'n. As a criminal claim on its face, Count I must be dismissed from this civil action.

**3. Plaintiffs Have Not Sufficiently Pled Conversion**

To state a claim for conversion, a plaintiff must allege the following elements: (1) plaintiff had an ownership interest in the property; (2) plaintiff is entitled to immediate possession of the property; (3) that the defendant unlawfully or without authorization retained the property. *Banco Popular De P.R. v. Currence*, Civil No. 2017-39, 2018 U.S. Dist. LEXIS 158656 at *5 (D.V.I. 2018) (internal citations omitted); *see also* Restatement (Second) of Torts § 222A.

Defendants assert that it "never possessed the subject scrap metal." Reply at 2. Plaintiffs argue that they have established a claim of conversion because "Plaintiff had an interest in the scrap metal and was in the process of selling it to the defendants, including

Maritech. However, Maritech, along with the other defendants, took control of the scrap metal and transported it to Florida without paying the plaintiff." Opp'n at 3.

A plain reading of the SAC does not indicate that Defendant Maritech had control of the scrap metal at any time. *See* SAC. Further, the SAC does not indicate that Defendant had any role in the transportation of the scrap metal to Florida. *See* SAC. At most, Defendant generated a draft survey.[7] *See* SAC at 5-6. Without a factual—rather than conclusory—allegation that Defendant Maritech unlawfully or without authorization retained the scrap metal, Plaintiffs' claim of conversion lacks facial plausibility and must be dismissed.

**4. Plaintiffs Have Not Sufficiently Pled Breach of Contract**

In the Virgin Islands, the required elements of a breach of contract claim are: "(1) the existence of a contract between the parties; (2) that the defendant breached a material duty imposed by that contract; and (3) that damages resulted from the breach." *Weiss v. Maccaferri, Inc.*, Civil No. 14-46, 2016 U.S. Dist. LEXIS 50436 at *14-15 (D.V.I. 2016) (citing *George v. V.I. Lottery Comm'n*, 54 V.I. 533, 539 (Sup. 2010).

Defendant argues that "[t]he only conceivable agreement between Maritech and Plaintiffs was to weigh the scrap metal."[8] Reply at 3. "Plaintiffs' only claimed breach allegedly was the result of nonpayment by the buyer of the goods." Reply at 4; *see also* SAC at 9. Thus, "[b]ecause it had no agreement to purchase goods from Plaintiffs, Maritech did

---

[7] At no point does the SAC allege that Defendant Maritech generated a draft survey; however, the Court will infer that the draft survey referred to in the SAC is the draft survey attached by Plaintiffs to their Opposition to Defendants' Carrero and Caribbean Steel, LLC's Motion for Summary Judgment (ECF No. 77-8).

[8] Even then, Plaintiffs "did not rely on the draft survey in agreeing on the price for the scrap metal." Reply at 3-4; *see also* SAC at 5-6.

not breach any contractual duty when another party allegedly refused to pay." *Id*. Plaintiffs assert that they have "alleged an agreement to sell scrap metal to the defendants including Maritech." Opp'n at 4.

Nowhere in the SAC do Plaintiffs allege an agreement to sell scrap metal to Defendant Maritech. In their recitation of the facts, Plaintiffs allege that Plaintiff Jonas "had [a] well developed business relationship" with Defendant Maritech and do not refer to Defendant by name again. The Court will reasonably infer that Defendant Maritech is the "barge company" referred to—once—in Plaintiffs' recounting of the facts.[9] Plaintiff Cyril did not trust the draft survey provided by Defendant Maritech, but does not allege that it was inaccurate.[10] SAC at 5-6. There is no factual content regarding an agreement between Plaintiffs and Defendant Maritech for the purchase of scrap metal. *See* SAC. Plaintiffs have not sufficiently pled that a contract for the sale of scrap metal exists between Plaintiffs and Defendant Maritech, much less breach of that contract. Thus, the Court cannot reasonably infer that Defendant Maritech may be liable for breach of contract and the claim must be dismissed.

**5. Breach of Good Faith and Fair Dealing is Inapplicable**

[9] Plaintiff Cyril "refused to bypass the scale because he had heard instances of other [C]aribbean scrap metal dealers being shortchanged by the draft survey of this barge company." SAC at 4.

[10] Plaintiffs do not state in the SAC that the draft survey was provided by Defendant Maritech. No copy of any draft survey is provided by Plaintiffs in their SAC or Opposition; however, Plaintiffs attached a draft survey by Defendant Maritech to their Opposition to Defendants' Carrero and Caribbean Steel, LLC's Motion for Summary Judgment (ECF No. 77-8).

The Virgin Islands, adopting the Restatement (Second) of Contracts, recognizes that "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *Del Valle v. Officemax North America*, 680 Fed. Appx. 51, 58 (3d Cir. 2017) (citing *Chapman v. Cornwall*, 58 V.I. 431 (Sup. 2013)). The implied duty of good faith and fair dealing arises by implication through the existence of a contract itself. *Chapman v. Cornwall*, 58 V.I. 431, 441 (Sup. 2013). The duty of good faith limits the parties' ability to act unreasonably in contravention of the other party's reasonable expectations. A successful claim requires proof of acts amounting to fraud or deceit on the part of the employer. *Id*. at 441-42 (internal quotations and citations omitted).

Defendant argues that "because the covenant of good faith and fair dealing arises only in the context of dealings between parties to a contract, Plaintiffs fail as a matter of law to state a plausible claim for breach of the covenant of good faith and fair dealing." Reply at 5. Plaintiffs argue that "Plaintiff has alleged an agreement to sell scrap metal to the defendants including Maritech. Therefore, the factual allegations regarding the defendants' failure to honor the agreement preclude dismissal on that count [breach of good faith and fair dealing]." Opp'n at 4.

The Court has found that Plaintiffs have not alleged an agreement to sell scrap metal to Defendant Maritech. Without a contract, Plaintiffs' claim of breach of good faith and fair dealing against Defendant is inapplicable and must be dismissed.

**6. Plaintiffs Have Not Sufficiently Pled Intentional Infliction of Emotional Distress**

To state a claim for intentional infliction of emotional distress, the plaintiff must allege that the defendant, by her extreme and outrageous conduct, intentionally or recklessly caused the plaintiff severe emotional distress. *Dorval v. Sapphire Vill. Condo. Ass'n*, 2020 U.S. Dist. LEXIS 31960 (D.V.I. 2020) (internal citations and quotations omitted); *see also* Restatement (Second) of Torts § 46. The plaintiff must allege conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in civilized society." *Id*. (quoting Restatement (Second) of Torts § 46 cmt. d.).

Defendant argues the dismissal of Plaintiffs' IIED claim under the statute of limitations as discussed *supra*. Plaintiffs allege that Defendant Maritech's actions have caused them "to endure mental anguish and emotional and physical distress." Opp'n at 4. As described in the SAC, these actions are: "enter[ing] into an agreement regarding the sale of scrap metal and steel" and "promis[ing] to pay plaintiffs for his scrap metal but instead [taking] the scrap metal without paying." SAC at 10.

Since this Court has found that Plaintiff has not properly pled these underlying actions alleged to have caused anguish and distress, Plaintiffs' claim of intentional infliction of emotional distress lacks facial plausibility and must be dismissed.

## IV. CONCLUSION

Accordingly, the undersigned hereby **RECOMMENDS** that Plaintiffs' claims against Defendant Maritech be **DISMISSED for failure to state a claim**.

Any objections to this Report and Recommendation must be filed in writing within fourteen (14) days of receipt of this notice. 28 U.S.C. § 636(b)(1). Any objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis of such objection." LRCi 72.3. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. *See, e.g., Thomas v. Arn*, 474 U.S. 140 (1985).

ENTER:

Dated: November 10, 2021

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE