| DISTRICT COURT OF THE VIRGIN ISLANDS |
|:---:|
| DIVISION OF ST. CROIX |

GEORGE T. CYRIL and EVERETTE S. JONAS,

           **Plaintiffs,**

     **v.**

JONAS PEREIRA, JR., JOSE CARRERO, CARIBBEAN SCRAP METAL, CARIBBEAN BARGE, A.R. SAVAGE & SONS, FIRSTBANK FLORIDA, ONE STEEL RECYCLING, and MARITECH COMMERCIAL INC.,

           **Defendants.**

1:16-cv-00017-WAL-GWC

TO:    Ronald E. Russell, Esq.
        Charlotte K. Perrell, Esq.
        Stefan B. Herpel, Esq.
        Elise Catera, Esq.
        Warren B. Cole, Esq.
        Charles Edward Lockwood, Esq.
        Matthew J. Duensing, Esq.

## **REPORT AND RECOMMENDATION**

THIS MATTER is before the Court upon the Order of Judge Wilma A. Lewis (ECF No. 105) re-referring Defendant FirstBank Florida's Motion to Dismiss Second Amended Complaint (ECF No. 66) to the undersigned for a Report and Recommendation. Plaintiffs filed a response in opposition (ECF No. 80).[1] Defendant filed a reply (ECF No. 85).

Defendant FirstBank Florida (FirstBank) moves to dismiss Plaintiffs' Second Amended Complaint (SAC) on the grounds that this Court lacks personal jurisdiction over

---

[1] Plaintiffs' opposition was filed over a year after defendant's motion to dismiss.

*Cyril v. Pereria et al.*
1:16-cv-00017
Report and Recommendation
Page 2

Defendant FirstBank under Fed. Rule Civ. P. 12(b)(2) and Plaintiffs have failed to state

claims upon which relief can be granted under Fed. Rule Civ. P. 12(b)(6).[2] Mot. at 1.

Plaintiffs oppose, stating that "a genuine issue of material fact exists as to whether

FirstBank Florida is subject to personal jurisdiction in this matter."[3] Opp'n at 2. Plaintiffs

assert that the Court has personal jurisdiction because FirstBank transacts business in the

territory under 5 V.I.C. § 4903, but also asserts that more discovery is needed regarding

defendant FirstBank's contacts with this forum. Opp'n at 5. Plaintiffs further assert that

they have established a claim for misrepresentation. *Id.*

## I.    BACKGROUND

Plaintiffs allege that sometime in April 2010 Plaintiffs George T. Cyril (Cyril) and

Everett Jonas (Jonas) "entered into an agreement for Jonas['s company] to purchase scrap

metal from George T. Cyril." SAC (ECF No. 65) at 4. Plaintiffs further allege that on April 8,

2010, in the middle of the scrap metal at issue being loaded onto a barge at the Gordon A.

Finch Molasses Pier in St. Croix, Cyril agreed to sell the scrap metal to Defendants Jose

Pereira, Jr. (Pereira) and Jose Carrero (Carrero). *Id.* at 4-6. Plaintiffs allege that Cyril asked

Carerro and Pereira to show proof of payment. *Id.* at 5. Plaintiffs allege that Carerro and

Pereira showed Allan Chitolie[4] a letter from FirstBank Florida appearing to show

$800,000.00 in a corporate account that would be used to pay for the scrap metal.[5] *Id.*

---

[2] Defendant FirstBank incorporates its initial Motion to Dismiss the Amended Complaint (ECF No. 58). Mot. at 1.

[3] Plaintiffs' response is erroneously addressed and argued as an opposition to a motion for summary judgment.

[4] Plaintiff Cyril's authorized driver to transport scrap metal. SAC at 4, ¶ 5.

[5] No copy of the letter is attached to Plaintiffs' instant opposition; however, a copy of the letter is attached to

*Cyril v. Pereria et al.*
1:16-cv-00017
Report and Recommendation
Page 3

Plaintiffs allege that this was a false letter produced by FirstBank. *Id.* at 3. Plaintiffs then

allege that the following morning, Cyril discovered that the barge had left the pier, without

Cyril receiving payment.  *Id.* at 6.  Plaintiffs allege that Cyril "followed the barge to Tampa[,]

Florida," where the scrap metal was being unloaded."  *Id.*  According to the SAC, the scrap

metal was unloaded at Defendant OneSteel Recycling.  *Id.*  Plaintiffs claim that they were

never paid for the scrap metal that belonged to them, that "Defendants conspired together

to steal plaintiffs' scrap metal . . . ." *Id.* at 7. Plaintiffs assert a claim of misrepresentation

against FirstBank Florida.[6] *Id.* at 8-9.

## II.    LEGAL STANDARD

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "may be

granted only if, accepting all well-pleaded allegations as true and viewing them in the light

most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility."

*Warren Gen. Hosp. v. Amgen Inc.*, 643 F. 3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v.*

---

Plaintiffs' Opposition to Defendants' Carrero and Caribbean Steel, LLC's Motion for Summary Judgment (ECF No. 77-7). Plaintiffs refer to a balance of $800,000.00 in their SAC. The letter—provided by Plaintiffs—refers to a balance of $805,000.00; thus, the Court will refer to a balance of $805,000.00.
Furthermore, this detail has been described three different ways. In the SAC, which is described above.
In Plaintiff Cyril's affidavit, Cyril saw the letter, not his driver. Defendants Carerro and Pereira "showed [Cyril] a letter from FirstBank in Florida that showed they had $805,000" and "[t]he letter from the bank, dated April 1, 2010, to Jonas stated that the funds were 'intended for payment of goods sold by your company.'" ECF No. 82-1 at 2.
In Chitolie's affidavit, no letter is mentioned, and defendants verbally assured the driver of their funds. Defendant "Carrero pulled documents out of his back pocket" and "said 'We have $800,000 in a bank on St Croix to pay for the scrap metal so just continue to load.'" ECF No. 82-3 at 2.
[6] In their SAC, Plaintiffs assert claims of conversion, detrimental reliance, breach of contract, breach of good faith and fair dealing, and intentional infliction of emotional distress against "defendants" without specificity. *Id.* at 8-9. In their opposition response to the instant motion, Plaintiffs refer only to a claim of misrepresentation against FirstBank. *See* Opp'n.

*Cyril v. Pereria et al.*
1:16-cv-00017
Report and Recommendation
Page 4

*Twombly*, 550 U.S. 544, 555-56 (2007)). Thus, the "allegations must have 'facial plausibility,' meaning that 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Castleberry v. STI Group*, 863 F.3d 259, 263 (3d Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted)). Although the Court must accept well-pleaded facts as true, it need not "'accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation.'" *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F. 3d 187, 195 (3d Cir. 2007) (citations and internal quotation marks omitted)). The defendant "bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted).

### III.    DISCUSSION

#### 1.    Further Discovery is Required to Determine Personal Jurisdiction

A party may assert the defense of lack of personal jurisdiction by motion. Fed. R. Civ. P. 12(b)(2). Once a defendant raises such a defense, the plaintiff bears the burden of showing that personal jurisdiction is proper. *See O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007). If the Court does not hold an evidentiary hearing, "the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor."[7] *Miller Yacht*

---

[7] Neither party requested a hearing.

*Cyril v. Pereria et al.*
1:16-cv-00017
Report and Recommendation
Page 5

*Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) (citing *Pinker v. Roche Holdings, Ltd.*, 292

F.3d 361, 368 (3d Cir. 2002); *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d

Cir. 1992)).

     To determine whether there is personal jurisdiction over a non-resident defendant

in the Virgin Islands, the court applies a two-step test: (1) there must be a statutory basis

for jurisdiction under the Virgin Islands long-arm statute, 5 V.I.C. § 4903; and (2) the

defendant must have minimum contacts with the Virgin Islands that are sufficient to satisfy

constitutional due process requirements. *See Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d

324, 330, 51 V.I. 1219 (3d Cir. 2009) (cited with approval in *In re Najawicz*, 52 V.I. 311, 336

(V.I. 2009)); *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d

Cir. 2010). "The Virgin Islands long-arm statute has consistently been construed to

authorize the exercise of jurisdiction to the fullest extent permissible under the due

process clause." *Buccaneer Hotel Corp. v. Reliance Int'l Sales Corp.*, 17 V.I. 249, 254 (Terr. Ct.

1981); *Urgent v. Tech. Assistance Bureau, Inc.*, 255 F. Supp. 2d 532, 535 (D.V.I. 2003)

(statute "is coextensive with the maximum perimeters of the due process clause."); *see also*

*Ford v. Amber Cape Prods., LLC*, No. 2009-144, 2010 U.S. Dist. LEXIS 105022, at *8 (D.V.I

Sept. 30, 2010) (statute applies "as widely as constitutional requirements permit,

consistent with the intent of the legislature.").

     Under the Due Process Clause, a court may exercise either general or specific

jurisdiction over a non-resident defendant. General jurisdiction exists when the defendant

has "continuous and systematic contacts" with the forum. *Metcalfe*, 566 F.3d at 334

*Cyril v. Pereria et al.*
1:16-cv-00017
Report and Recommendation
Page 6

(quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984))

(internal quotations omitted). Specific jurisdiction "exists if the defendant has 'purposefully

directed' his activities at residents of the forum and the litigation results from alleged

injuries that 'arise out of or relate to' those activities." *Metcalfe*, 566 F.3d at 334 (quoting

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Once those elements of specific

jurisdiction are established, the Court then "consider[s] whether the exercise of jurisdiction

otherwise 'comport[s] with fair play and substantial justice.'" *O'Connor*, 496 F.3d at 317

(quoting *Burger King*, 471 U.S. at 476) (internal quotations and citations omitted).

In moving to dismiss, Defendant FirstBank argues that this court lacks personal

jurisdiction over it a non-resident defendant. ECF No. 58 at 3. Defendant argues that

Plaintiffs have failed to meet their burden of demonstrating facts that meet any basis for

jurisdiction under the Virgin Islands long-arm statute and that exercising personal

jurisdiction over Defendant would violate due process. ECF No. 58 at 1.

Plaintiffs assert that FirstBank "is a national bank who does business nationally,"

but also asserts that more discovery is needed regarding defendant FirstBank's contacts

with this forum. Opp'n at 3-5. Plaintiffs argue that "the fact that FirstBank provided a letter

purporting to show that monies existed in an account causing defendants to rely on it to

their detriment, means that the bank should anticipate having to answer when its

customers do business in the Virgin Islands." Opp'n at 3-4. The customers referred to are

*Cyril v. Pereria et al.*
1:16-cv-00017
Report and Recommendation
Page 7

Defendants Carerro and Pereira who Defendant FirstBank describes as Florida residents.[8]

ECF No. 58 at 4.

It is disputed by the parties as to whether Defendant carries on business or operates branches in the Virgin Islands. Plaintiff alleges FirstBank is "a national bank who does business nationally." Opp'n at 3. FirstBank argues that "Plaintiffs have made no allegations showing that FirstBank Florida engaged in any act to purposefully avail itself of doing business in the Virgin Islands." ECF No. 58 at 4.

Without record evidence from Plaintiffs regarding the location of FirstBank's operations, the Court is left—improperly—to speculate on this issue. First BanCorp is the parent corporation of FirstBank Puerto Rico, of which FirstBank Florida is a "brand." First BanCorp is incorporated in Puerto Rico with headquarters in San Juan. FirstBank Puerto Rico is a state-chartered commercial bank with operations in Puerto Rico, the Virgin Islands and Florida. FirstBank Corporate Profile, *available at* https://1firstbank.q4ir.com/overview/corporate-profile/default.aspx. In 2002, FirstBank became the largest bank in the Virgin Islands (USVI & BVI), serving St. Thomas, St. Croix, St. John, Tortola and Virgin Gorda, with 14 branches. *Id*. In the US and British Virgin Islands, the Corporation operates FirstBank in addition to the subsidiary First Express. *Id*. In 2008, FirstBank acquired the Virgin Island Community Bank in St. Croix, increasing its customer base and share in this market. *Id*.

---

[8] Plaintiffs do not describe Defendants Carerro and Pereira's residencies.

*Cyril v. Pereria et al.*
1:16-cv-00017
Report and Recommendation
Page 8

In the United States, FirstBank operates a full-line commercial bank under the brand name FirstBank Florida. *Id*. FirstBank Florida has a network of 10 branch offices in Miami/Dade and Broward counties in Florida, and regional headquarters in Miami, Florida. *Id.*

By asserting itself as a non-resident, Defendant appears to be arguing that the "brand" FirstBank Florida should be treated as a distinct legal entity for purposes of jurisdiction from FirstBank/FirstBank Puerto Rico, which indisputably carries on business and operates branches in the Virgin Islands by its own account. Defendant FirstBank Florida refers to itself as "FirstBank" in its filings (*see* ECF Nos. 58, 66, and 85) and as "FirstBank Puerto Rico" in its headings (ECF No. 58 at 5). The absence of any acknowledgment of the relationship between FirstBank, FirstBank Puerto Rico, and FirstBank Florida is notably misleading.

Without more information from the parties, a ruling on personal jurisdiction is premature. Further jurisdictional discovery is required to ascertain Defendant FirstBank's contacts with the Virgin Islands.

**2. Plaintiffs Have Failed to State a Claim of Misrepresentation**

For fraud in the inducement, plaintiffs must plead with particularity "(1) a specific false representation of material fact, (2) knowledge of its falsity by the person who made it, (3) ignorance of its falsity by the person to whom it was made, (4) the maker's intention that it should be acted upon, and (5) detrimental reliance by the Plaintiff." *Miler v. AARP Servs.*, Civil Action No. 1:19-49, 2021 U.S. Dist. LEXIS 62638 at *11 (D.V.I. 2021) (citation

*Cyril v. Pereria et al.*
1:16-cv-00017
Report and Recommendation
Page 9

omitted); *see also Fitz v. Islands Mech. Contractor, Inc.*, 53 V.I. 806, 826 (2010) ("In the

Virgin Islands, a fraudulent inducement claim has essentially the same elements as

common law fraud.").

A misrepresentation claim requires proof of the same elements as legal fraud with

one additional requirement: a showing that defendants failed to exercise reasonable care in

communicating the information. *Miler*, 2021 U.S. Dist. LEXIS 62638, at *11 (internal

citations and quotations omitted).

Assuming arguendo that this Court does have personal jurisdiction, Plaintiffs' claim

against Defendant FirstBank still fails. Defendant FirstBank moves this Court to dismiss

Plaintiffs' complaint against FirstBank for failure to state a claim pursuant to Fed. R. Civ. P.

12(b)(6). Mot. at 1. Defendant argues that "[t]here is not a single fact pled suggesting that

the letter was falsified by FirstBank or that it even contained false information." ECF No. 58

at 6. The fact that Defendants Carrero and Pereira "may have refused to pay Plaintiffs has

no bearing on the accuracy of the amounts reported in the purported letter." *Id.* Thus,

FirstBank argues, Plaintiffs' claim falls short of the pleading requirements of Federal Rule

of Civil Procedure 9(b). *Id.*

In their opposition, Plaintiffs assert that "taking plaintiff's allegations as true,

FirstBank misrepresented the state of the funds allegedly owned by defendants, and this

information caused plaintiff to rely on the information to his detriment." Opp'n at 5.

Plaintiffs must show that FirstBank made a specific false representation that

Defendants Carrero and Pereira had $805,000.00 in a business account that would be used

*Cyril v. Pereria et al.*
1:16-cv-00017
Report and Recommendation
Page 10

to pay for Plaintiffs' scrap metal. Plaintiffs must show that FirstBank knew this was false

and that Plaintiffs did not know it was false. Plaintiffs must further show that FirstBank

intended that Plaintiff act upon the false information and that Plaintiff detrimentally relied

upon the falsity that Defendants Carrero and Pereira had $805,000.00 in a business

account that would be used to pay for Plaintiffs' scrap metal.

Construing Plaintiffs' allegations as true, Plaintiffs have not pled with particularity a

specific false representation of material fact by Defendant FirstBank. The letter, dated April

1, 2010, is addressed to Plaintiff Jonas' Scrap Metal & Recycling and signed by the Branch

Manager of the Coral Gables Office of Defendant FirstBank. ECF No. 77-7. The body of the

letter reads

> As per Mr. Jose Carrero's request we are sending you this letter to confirm that
> Caribbean Scrap Metal currently enjoys a business account at FirstBank
> Florida with a current balance of $805,000.00.
>
> As per communication dated April 1, 2010; Mr. Carrero indicates that these
> funds are intended for payment of goods sold by your company (see letter
> attached).
> *Id.*

Plaintiffs have not shown that FirstBank made any false representations in its letter.

First, Plaintiffs have not pled with particularity that Defendants Carrero and Pereira did *not*

have $805,000.00 in a business account with FirstBank. Plaintiffs have not alleged that

Defendants Carrero and Pereira failed to pay Plaintiffs because they did not have the funds

to do so; thus, a letter showing $805,000.00 in a business account with FirstBank may not

have been a falsity. Second, a plain reading of the letter does not show that *FirstBank* made

*Cyril v. Pereria et al.*
1:16-cv-00017
Report and Recommendation
Page 11

a specific representation that the funds would be used to pay Plaintiffs.[9] The letter clearly

states that *Defendant Carrero* "indicates that these funds are intended for payment of goods

sold by [Jonas'] company." *Id*. Thus, Plaintiffs have failed to properly plead a claim of

misrepresentation against Defendant FirstBank.

## IV.    CONCLUSION

Accordingly, the undersigned hereby **RECOMMENDS** that Plaintiffs' claim of

misrepresentation against Defendant FirstBank Florida be **DISMISSED for failure to state**

**a claim**.

Any objections to this Report and Recommendation must be filed in writing within

fourteen (14) days of receipt of this notice.  28 U.S.C. § 636(b)(1).  Any objections must

"specifically identify the portions of the proposed findings, recommendations or report to

which objection is made and the basis of such objection."  LRCi 72.3.  Failure to file

objections within the specified time shall bar the aggrieved party from attacking such

Report and Recommendation before the assigned District Court Judge.  *See, e.g., Thomas v.*

*Arn*, 474 U.S. 140 (1985).

ENTER:

Dated: November 10, 2021                    /s/ George W. Cannon, Jr.
                                            GEORGE W. CANNON, JR.
                                            U.S. MAGISTRATE JUDGE

---

[9] Furthermore, FirstBank's letter only pertains to payment between Defendant Carrero and Plaintiff Jonas. There is no representation at all regarding payment to Plaintiff Cyril.