**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **GEORGE T. CYRIL and EVERETTE S. JONAS,** | |
| **Plaintiffs,** | **1:16-cv-00017-WAL-GWC** |
| **v.** | |
| **JONAS PEREIRA, JR., JOSE CARRERO, CARIBBEAN SCRAP METAL, CARIBBEAN BARGE, A.R. SAVAGE & SONS, FIRSTBANK FLORIDA, ONESTEEL RECYCLING, and MARITECH COMMERCIAL INC.,** | |
| **Defendants.** | |

TO:    Ronald E. Russell, Esq.
       Charlotte K. Perrell, Esq.
       Stefan B. Herpel, Esq.
       Elise Catera, Esq.
       Warren B. Cole, Esq.
       Charles Edward Lockwood, Esq.
       Matthew J. Duensing, Esq.

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court upon the Order of Judge Wilma A. Lewis (ECF No. 105) re-referring Defendant OneSteel's Motion to Dismiss Second Amended Complaint (ECF No. 67) to the undersigned for a Report and Recommendation. Plaintiffs filed a response in opposition (ECF No. 81).[1,2] Defendant filed a reply (ECF No. 84).

---

[1] Plaintiffs' opposition was filed over a year after Defendant's motion to dismiss.
[2] Plaintiffs incorporate their opposition to Defendant OneSteel's initial motion to dismiss (ECF No. 48): "Plaintiff has addressed these arguments in its response to the first motion." Opp'n at 1.

*Cyril v. Pereria et al.*
1:16-cv-00017
Report and Recommendation
Page 2

Defendant OneSteel moves to dismiss Plaintiffs' Second Amended Complaint (SAC) under Fed. Rule Civ. P. 12(b)(5) on the grounds that Plaintiffs did not properly effectuate service and that this Court lacks personal jurisdiction over Defendant under Fed. Rule Civ. P. 12(b)(2).[3] Mot. at 1.

Plaintiffs oppose, stating that "[a]mendments to complaints are generally allowed so long as there is no prejudice to the existing parties" and "Defendants are not prejudiced by adding Jonas [to the Complaint] because they are all aware of Jonas' role in this action."[4] Opp'n at 2. In their initial opposition, Plaintiff asserts that "service was proper on defendant" as it was "accepted by the business manager of OneSteel/TMR," and Trademark (TMR) is OneSteel's "successor in interest." ECF No. 48 at 2-3. Plaintiff further asserts that the Court has personal jurisdiction over OneSteel because Defendant transacts business in the territory under 5 V.I.C. § 4903(a)(1). *Id.* at 3.

## I.    BACKGROUND

Plaintiffs allege that sometime in April 2010 Plaintiffs George T. Cyril (Cyril) and Everett Jonas (Jonas) "entered into an agreement for Jonas['s company] to purchase scrap metal from George T. Cyril." SAC (ECF No. 65) at 4. Plaintiffs further allege that on April 8, 2010, in the middle of the scrap metal at issue being loaded onto a barge at the Gordon A. Finch Molasses Pier in St. Croix, Cyril agreed to sell the scrap metal to Defendants Jose

---

[3] Defendant implies in its Introduction that Plaintiffs have failed to state a claim, but Defendant does not argue the issue. "This Court does not need to determine at this juncture . . . whether plaintiffs have properly pleaded their claims against OneSteel . . . " Mot. at 1.

[4] Plaintiffs' response is erroneously argued as support for Plaintiffs' Motion to Amend First Amended Complaint, which was granted (ECF No. 64) and is not the subject of Defendant's instant motion.

*Cyril v. Pereria et al.*
1:16-cv-00017
Report and Recommendation
Page 3

Pereira, Jr. (Pereira) and Jose Carrero (Carrero). *Id.* at 4-6. Plaintiffs then allege that the

following morning, Cyril discovered that the barge had left the pier, without Cyril receiving

payment. *Id.* at 6. Plaintiffs allege that Cyril "followed the barge to Tampa[,] Florida,"

where the scrap metal was being unloaded." *Id.* According to the SAC, the scrap metal was

unloaded at Defendant OneSteel Recycling. *Id.* Plaintiff Cyril told OneSteel's general

manager that OneSteel was purchasing stolen goods. *Id.* at 7. Plaintiffs claim that they were

never paid for the scrap metal that belonged to them, that "Defendants conspired together

to steal plaintiffs' scrap metal . . . ." *Id.*

## II.    DISCUSSION

### 1. Service is Proper

Fed. R. Civ. P. 4(h)(1) requires that service on a corporation be to "an officer, a

managing or general agent, or to any other agent authorized by appointment or by law to

receive service of process . . ." *Id. See also Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 567

(3d Cir. 1996).

Burden of showing that person served was general or managing agent of

corporation for purposes of Rule 4(h) is on plaintiff. *Alloway v. Wain-Roy Corp.*, 52 F.R.D.

203, 204 (D. Pa. 1971). Courts have consistently held that "mere acceptance of service by

an employee, other than an officer, director, trustee or managing or general agent, does not

establish that the employee was authorized to [accept service]." *Lee v. Genuardi's Family*

*Mkts., L.P.*, Civil Action No. 1:10-cv-01641-JEI-AMD, 2010 U.S. Dist. LEXIS 72213 at *10-11

(D.N.J. 2010) (citations omitted). To demonstrate compliance with Fed. R. Civ. P. 4(h), the

*Cyril v. Pereria et al.*
1:16-cv-00017
Report and Recommendation
Page 4

party effectuating service is responsible for showing that the person served is either the

authorized agent for service of process or someone such that there is "a high probability

that the papers will reach those persons in the organization responsible for protecting the

firm's interest in the litigation." *Idewu v. Sealey*, Civil Action No. 2011-038, 2012 U.S. Dist.

LEXIS 36783 at *5 (D.V.I. 2012) (internal citations and quotations omitted).

According to the Third Circuit

> the determination whether an individual is a managing or general agent
> depends on a factual analysis of that person's authority within the
> organization. One [occupying] this position typically will perform duties which
> are sufficiently necessary to the corporation's operations. He should be a
> responsible party in charge of any substantial phase of the corporation's
> activity. ... In brief, it is reasonable to expect that such an agent will have broad
> executive responsibilities and that his relationship will reflect a degree of
> continuity.

*Pickering v. Arcos Dorados P.R., Inc.*, Civil No. 2014-92, 2016 U.S. Dist. LEXIS 42208 (D.V.I.

2016) (citing *Gottlieb v. Sandia Amp. Corp.*, 452 F.2d 510, 513 (3d Cir. 1971) (internal

citations and quotations omitted).

Plaintiffs served Defendant OneSteel on August 5, 2016 (ECF No. 13-1) through

Tracy Langston, business manager of Trademark Metals Recycling (TMR).[5] Plaintiffs state

that TMR purchased OneSteel on or about April 2014. ECF No. 48 at 2; *see also* ECF No. 13-

---

[5] Plaintiffs served Ms. Langston at 4943 Port Sutton Road, the principal address on file for OneSteel with the Florida Secretary of State, *available at* https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=ONESTEELRECYCLING%20F06000007351&aggregateId=forp-f06000000735-ac4c477b-278c-4f47-9999-d178cfb676f7&searchTerm=Onesteel%20recycling&listNameOrder=ONESTEELRECYCLING%20F060000007351.

*Cyril v. Pereria et al.*
1:16-cv-00017
Report and Recommendation
Page 5

1. Defendant specifies that TMR purchased OneSteel's assets in March 2014.[6] Mot. at 5.

Defendant OneSteel argues that service was insufficient because Ms. Langston is only

associated with TMR and is thus not authorized to accept service on Defendant's behalf.

Mot. at 5.

      Without record evidence from Plaintiffs clarifying the sale of OneSteel and/or its

assets to TMR, the Court is left—improperly—to speculate on this issue. Whether Ms.

Langston is the business manager of OneSteel's successor company or only its assets, her

position—coupled with TMR operating at the principal address on file for OneSteel

according to the Florida Secretary of State—indicates that Ms. Langston is either the

authorized agent for service of process or someone such that there is "a high probability

that the papers will reach those persons in the organization responsible for protecting the

firm's interest in the litigation." *Idewu*, 2012 U.S. Dist. LEXIS 36783, at *5. Thus, service was

proper.

### 2. Plaintiffs Have Not Shown that this Court has Personal Jurisdiction

      A party may assert the defense of lack of personal jurisdiction by motion. Fed. R. Civ.

P. 12(b)(2). Once a defendant raises such a defense, the plaintiff bears the burden of

showing that personal jurisdiction is proper. *See O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496

F.3d 312, 316 (3d Cir. 2007). If the Court does not hold an evidentiary hearing, "the plaintiff

need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to

---

[6] Neither party describes how OneSteel continues to exist and operate after the sale of its assets.

*Cyril v. Pereria et al.*
1:16-cv-00017
Report and Recommendation
Page 6

have its allegations taken as true and all factual disputes drawn in its favor."[7] *Miller Yacht*

*Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) (citing *Pinker v. Roche Holdings, Ltd.*, 292

F.3d 361, 368 (3d Cir. 2002); *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d

Cir. 1992)).

        To determine whether there is personal jurisdiction over a non-resident defendant

in the Virgin Islands, the court applies a two-step test: (1) there must be a statutory basis

for jurisdiction under the Virgin Islands long-arm statute, 5 V.I.C. § 4903; and (2) the

defendant must have minimum contacts with the Virgin Islands that are sufficient to satisfy

constitutional due process requirements. *See Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d

324, 330 (3d Cir. 2009) (cited with approval in *In re Najawicz*, 52 V.I. 311, 336 (Sup. 2009);

*Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir. 2010)).

"The Virgin Islands long-arm statute has consistently been construed to authorize the

exercise of jurisdiction to the fullest extent permissible under the due process clause."

*Buccaneer Hotel Corp. v. Reliance Int'l Sales Corp.*, 17 V.I. 249, 254 (Terr. Ct. 1981); *Urgent v.*

*Tech. Assistance Bureau, Inc.*, 255 F. Supp. 2d 532, 535 (D.V.I. 2003) (statute "is coextensive

with the maximum perimeters of the due process clause."); *see also Ford v. Amber Cape*

*Prods., LLC*, No. 2009-144, 2010 U.S. Dist. LEXIS 105022, at *8 (D.V.I Sept. 30, 2010) (statute

applies "as widely as constitutional requirements permit, consistent with the intent of the

legislature.").

---

[7] Neither party requested a hearing.

*Cyril v. Pereria et al.*
1:16-cv-00017
Report and Recommendation
Page 7

Under the Due Process Clause, a court may exercise either general or specific

jurisdiction over a non-resident defendant. General jurisdiction exists when the defendant

has "continuous and systematic contacts" with the forum. *Metcalfe*, 566 F.3d at 334

(quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984))

(internal quotations omitted). Specific jurisdiction "exists if the defendant has 'purposefully

directed' his activities at residents of the forum and the litigation results from alleged

injuries that 'arise out of or relate to' those activities." *Metcalfe*, 566 F.3d at 334 (quoting

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Once those elements of specific

jurisdiction are established, the Court then "consider[s] whether the exercise of jurisdiction

otherwise 'comport[s] with fair play and substantial justice.'" *O'Connor*, 496 F.3d at 317

(quoting *Burger King*, 471 U.S. at 476) (internal quotations and citations omitted).

In moving to dismiss, Defendant OneSteel argues that this Court lacks personal

jurisdiction over it a non-resident defendant. Mot. at 7. Defendant asserts that Plaintiffs

"merely allege that Cyril visited OneSteel's facility in Florida" and "do not allege that

OneSteel transacted any business in the Virgin Islands . . ." Mot. at 7. Defendant argues that

Plaintiffs have failed to meet their burden of demonstrating facts that meet any basis for

jurisdiction under the Virgin Islands long-arm statute and that exercising personal

jurisdiction over Defendant would violate due process. *Id*.

Plaintiffs do not provide any information regarding where Defendant OneSteel is

incorporated, headquartered, or operates the majority of its business. Plaintiff describes

Defendant as "an entity that 'sources, collects, transports, processes and markets scrap

*Cyril v. Pereria et al.*
1:16-cv-00017
Report and Recommendation
Page 8

metal collected from industrial clients, scrap metal dealers, and individuals.'" ECF No. 48 at

5. Plaintiffs assert that "One Steel is a company that does business in various locations."

ECF No. 48 at 6. Plaintiffs assert that OneSteel "did business in the Virgin Islands,"

specifically

> One Steel engages in these activities in the Virgin Islands and was in the process of collecting scrap metal which was obtained on St. Croix when the facts giving rise to this action occurred. Therefore, defendant One Steel purposely directed its activities at this jurisdiction. Additionally, plaintiff spoke directly with Steve Ryan, a representative of One Steel who was told that the scrap metal was stolen and who communicated with the plaintiff regarding restitution. Defendant One Steel acknowledged that plaintiff should be paid but never followed through on paying plaintiff. Rather, One Steel kept the scrap metal without paying for it. Thus, the instant litigation arises out of defendant One Steel's activities in the Virgin Islands.

ECF No. 48 at 5.

All of Plaintiffs' interactions with Defendant OneSteel took place in Tampa, Florida.

*See* SAC. Plaintiffs allege that Defendant purchased scrap metal in Tampa that originated

from the Virgin Islands. *Id*. at 6-7. It is not specified whether Defendant was aware that the

scrap metal originated in the Virgin Islands until Plaintiff Cyril informed Defendant that the

scrap metal was stolen from him. *Id*. at 7. Plaintiffs have concluded but not shown that

Defendant OneSteel engaged in any activities in the Virgin Islands. Plaintiffs have not

shown that Defendant regularly works with, or even in this specific instance, reached out to

contract with Virgin Islands-based scrap metal dealers. Plaintiffs have made no allegations

showing that Defendant engaged in any act to purposefully avail itself of doing business in

the Virgin Islands.

### III.    CONCLUSION

*Cyril v. Pereria et al.*
1:16-cv-00017
Report and Recommendation
Page 9

Accordingly, the undersigned hereby **RECOMMENDS** that Plaintiffs' claims against Defendant OneSteel be **DISMISSED for lack of personal jurisdiction**.

Any objections to this Report and Recommendation must be filed in writing within fourteen (14) days of receipt of this notice. 28 U.S.C. § 636(b)(1). Any objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis of such objection." LRCi 72.3. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. *See, e.g., Thomas v. Arn*, 474 U.S. 140 (1985).

ENTER:

Dated: November 10, 2021

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE