**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| GEORGE T. CYRIL and EVERETTE S. JONAS,<br><br>          Plaintiffs,<br><br>     v.<br><br>JONAS PEREIRA, JR., JOSE CARRERO, CARIBBEAN SCRAP METAL, CARIBBEAN BARGE, A.R. SAVAGE & SONS, FIRST BANK FLORIDA, ONESTEEL RECYCLING, and MARITECH COMMERCIAL INC.,<br><br>          Defendants.<br>_____ | 1:16-cv-00017-WAL-GWC |

TO:   Ronald E. Russell, Esq.
      Charlotte K. Perrell, Esq.
      Stefan B. Herpel, Esq.
      Elise Catera, Esq.
      Warren B. Cole, Esq.
      Charles Edward Lockwood, Esq.
      Matthew J. Duensing, Esq.

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court upon the Order of Judge Wilma A. Lewis (ECF No. 105) re-referring Defendants José Carrero and Caribbean Scrap, LLC's Motion for Summary Judgment (ECF No. 69) to the undersigned for a Report and Recommendation. Plaintiffs filed a response in opposition (ECF No. 77).[1,2] Defendants filed a reply (ECF No. 88).

---

[1] Plaintiffs' opposition was filed six months after Defendants' motion.
[2] Plaintiffs' opposition is erroneously addressed to Defendants Carrero and Jose Pereira. *See* Opp'n. Defendant Pereira is not a moving party on the instant motion for summary judgment. *See* Mot.

*Cyril v. Pereria et al.*
1:16-cv-00017
Report and Recommendation
Page 2

Defendants José Carrero (Carrero) and Caribbean Scrap, LLC (Caribbean Scrap)[3] move for summary judgment on the grounds 1) "that Plaintiffs have not raised an issue of material fact that would enable them to avoid summary judgment on the contract claims" (Reply at 6); 2) Plaintiffs' claim of grand larceny is a crime, not a civil tort; and 3) Plaintiffs' claims of conversion and intentional infliction of emotional distress are barred by the independent duty and economic loss doctrines. Mot. at 6.

Plaintiffs assert "that there are material factual disputes that preclude the entry of summary judgment in this matter." Opp'n at 1.

## I.     BACKGROUND

Plaintiffs allege that sometime in April 2010 Plaintiffs George T. Cyril (Cyril) and Everett Jonas (Jonas) "entered into an agreement for Jonas['s company] to purchase scrap metal from George T. Cyril." SAC (ECF No. 65) at 4. Plaintiffs further allege that on April 8, 2010, in the middle of the scrap metal at issue being loaded onto a barge at the Gordon A. Finch Molasses Pier in St. Croix, Cyril agreed to sell the scrap metal to Defendants Jose Pereira, Jr. (Pereira) and José Carrero (Carrero). *Id*. at 4-6. Plaintiffs allege that Cyril asked Carerro and Pereira to show proof of payment. *Id*. at 5. Plaintiffs allege that Carerro and Pereira showed Allan Chitolie[4] a letter from FirstBank Florida appearing to show

---

[3] "In naming Caribbean Scrap Metals, Jonas was apparently intending to name Caribbean Scrap, LLC ("Caribbean Scrap"), a Florida limited liability company whose sole member is Defendant José Carrero ("Carrero")." Mot. at 2. "Caribbean Scrap Metals" appears in various exhibits (*e.g.*, the letter from Defendant FirstBank sent upon Defendant Carrero's request (ECF No. 77-7)). However, the Court will accept Defendant's assertion regarding its name and will refer to the party Caribbean Scrap Metals/Caribbean Scrap, LLC as Caribbean Scrap, LLC or Caribbean Scrap.

[4] Plaintiff Cyril's authorized driver to transport scrap metal. SAC at 4, ¶ 5.

*Cyril v. Pereria et al.*
1:16-cv-00017
Report and Recommendation
Page 3

$800,000.00 in a corporate account that would be used to pay for the scrap metal.[5] *Id*. Plaintiffs allege that this was a false letter produced by FirstBank. *Id*. at 3. Plaintiffs then allege that the following morning, Cyril discovered that the barge had left the pier, without Cyril receiving payment. *Id*. at 6. Plaintiffs allege that Cyril "followed the barge to Tampa[,] Florida," where the scrap metal was being unloaded." *Id.* According to the SAC, the scrap metal was unloaded at Defendant OneSteel Recycling. *Id.* Plaintiffs claim that they were never paid for the scrap metal that belonged to them, that "Defendants conspired together to steal plaintiffs' scrap metal . . . ." *Id*. at 7. Plaintiffs assert claims of conversion, misrepresentation,[6] breach of contract, breach of good faith and fair dealing, and intentional infliction of emotional distress. *Id.* at 8-9.

Defendant Carrero is identified by Plaintiffs as "a scrap metal buyer operating in the Caribbean and the US mainland who buy[s] scrap metal to sell to defendant One Steel." SAC at 3, ¶ 8. Defendant Caribbean Scrap is identified by Plaintiffs as "a buyer and processor of scrap metal located in Miami, Florida, and operates in the Caribbean." SAC at 3, ¶ 3.

---

[5] A copy of the letter is attached to Plaintiffs' Opposition to the instant motion (ECF No. 77-7). Plaintiffs refer to a balance of $800,000.00 in their SAC. The letter—provided by Plaintiffs—refers to a balance of $805,000.00; thus, the Court will refer to a balance of $805,000.00.
Furthermore, this detail has been described three different ways. In the SAC, which is described above.
In Plaintiff Cyril's affidavit, Cyril saw the letter, not his driver. Defendants Carerro and Pereira "showed [Cyril] a letter from FirstBank in Florida that showed they had $805,000" and "[t]he letter from the bank, dated April 1, 2010, to Jonas stated that the funds were 'intended for payment of goods sold by your company.'" ECF No. 82-1 at 2.
In Chitolie's affidavit, no letter is mentioned, and defendants verbally assured the driver of their funds. Defendant "Carrero pulled documents out of his back pocket" and "said 'We have $800,000 in a bank on St Croix to pay for the scrap metal so just continue to load.'" ECF No. 82-3 at 2.
[6] Count III is unlabeled; however, Plaintiff has referred to a claim of misrepresentation—presumably Count III—in their Opposition to the instant motion.

*Cyril v. Pereria et al.*
1:16-cv-00017
Report and Recommendation
Page 4

## II.   LEGAL STANDARD

A party may move for summary judgment, identifying each claim or defense on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

A material fact raises a "genuine" dispute "if the evidence is such that a reasonable jury could return a verdict for the non[-]moving party." *Williams v. Borough of W. Chester*, 891 F.2d 458, 459 (3d Cir. 1989) (internal citations omitted).

Where a case depends on the resolution of conflicting inferences of fact which may be drawn from the undisputed terms of a writing, summary judgment is improper. *Goldinger v. Boron Oil Co.*, 375 F.Supp. 400, 412 (W.D. Pa. 1974).

On defendant's motion for summary judgment under Rule 56(b), all plaintiffs' well-pleaded material allegations must be taken as true, and court should give plaintiffs benefit of all favorable inferences that might reasonably be drawn from evidence. *Suchomajcz v. Hummel Chemical Co.*, 385 F. Supp. 1387, 1389 (E.D. Pa. 1974), *rev'd*, 524 F.2d 19 (3d Cir. 1975).

## III.   DISCUSSION

### 1. Statements of Facts

Failure to respond to a movant's statement of material facts as provided by the Local Rules may result in a finding that the asserted facts are not disputed for the purposes of summary judgment. LRCi 56.1(d).

*Cyril v. Pereria et al.*
1:16-cv-00017
Report and Recommendation
Page 5

Even though V.I. Local Rule of Civil Procedure 56.1 states that a party's failure to respond to a statement of material facts may result in a finding that the asserted facts are not disputed for the purposes of summary judgment, it does not, however, state that, in light of such failure, the court must grant the motion for summary judgment. *Dazle v. Church of God of Prophecy for the V.I., Inc.*, Civil No. ST-09-CV-343, 2011 V.I. LEXIS 18 (Super. Mar. 21, 2011).

In a New Jersey District Court, when plaintiff failed to provide enumerated responses to defendants' Statement of Undisputed Material Facts (SUMF) as required under Local Civil Rule 56.1(a), the Court deemed defendants' SUMF undisputed unless specifically addressed in plaintiff's Statement of Material Facts in Dispute. *Edwards v. N.J. Human Services*, Civil Action No. 12-5524 (MAS) (DEA), 2016 U.S. Dist. LEXIS 165352 at n.2 (D.N.J. 2016).

Pursuant to LRCi 56.1(a), Defendants Carrero and Caribbean Scrap submitted a Statement of Undisputed Material Facts (ECF No. 70). Under LRCi 56.1(b), Plaintiffs must address the facts relied upon by Defendants by using corresponding serial numbering. In violation of the rule, Plaintiffs submitted an asynchronous Statement of Disputed Facts (ECF No 78).[7]

---

[7] The Court notes that there are no exhibits attached to Plaintiffs' Statement, despite cites to Exhibits A through H. The Court will infer that the referred-to exhibits are those attached to Plaintiffs' Opposition, which are not identified by letter (*e.g.,* Exhibit A is assumed to be ECF No. 77-1, Exhibit G is assumed to be ECF No. 77-7).

Plaintiffs' violation creates confusion and complicates the Court's review. However, Plaintiffs' Statement is sufficiently related to Defendants' Statement so that the Court should use its discretion under LRCi 56.1 and should not deem Defendants' asserted facts undisputed.

### 2. There is a Genuine Dispute of Material Fact Regarding Plaintiffs' Contract Claims

In the Virgin Islands, the required elements of a breach of contract claim are: "(1) the existence of a contract between the parties; (2) that the defendant breached a material duty imposed by that contract; and (3) that damages resulted from the breach." *Weiss v. Maccaferri, Inc.*, Civil No. 14-46, 2016 U.S. Dist. LEXIS 50436 at *14-15 (D.V.I. 2016) (citing *George v. V.I. Lottery Comm'n*, 54 V.I. 533, 539 (Sup. 2010).

Defendants Carrero and Caribbean Scrap move for summary judgment on Plaintiffs' claim for breach of contract—and accompanying claim of breach of good faith and fair dealing—because "[t]he only party who could conceivably be liable for breach of contract is Seacape, the party with whom Jonas contracted." Mot. at 5; *see also* Sales Agreement between Jonas Scrap Metal & Recycling and Seacape Shipping and Trading, LLC (ECF No. 77-5). "[T]here are no triable issues of fact that would support any contractual liability on the part of Carrero or Caribbean Scrap." *Id*. Plaintiffs assert that an oral contract exists between Plaintiff Cyril and Defendants Carrero and Pereira.[8] Opp'n at 2; *see also* SAC at 5.

---

[8] Defendant Pereira is not a party to this motion for summary judgment.

*Cyril v. Pereria et al.*
1:16-cv-00017
Report and Recommendation
Page 7

Defendants deny the existence of an oral contract. Defendants assert that "Jonas Scrap was the only party that contracted with Pereira's company, Seacape" and "that Jonas Scrap is the party which is indebted to Cyril"—not Defendant Carrero nor Caribbean Scrap. Reply at 3.

Defendants argue that Plaintiffs' allegations are insufficient to create a genuine issue of material fact because 1) they were not pled in the SAC; 2) Plaintiffs have offered no affidavit of co-Plaintiff Jonas to support them; and 3) in correspondence between Jonas and Pereira, Jonas admits that Jonas Scrap was the only party that contracted with Pereira's company, and further admits that Jonas Scrap is the party which is indebted to Cyril. Reply at 3. Plaintiffs argue that "[a] genuine issue of material fact exists as to whether Carrero and Pereira breached an oral contract to plaintiff Cyril." Opp'n at 2.

First, Plaintiffs have pled their allegation of an oral contract in the SAC. Plaintiffs allege that Defendants Carrero and Pereira "promised to pay [Plaintiff Cyril] for the full load of scrap metal, if he continued to load the barge." SAC at 5, ¶ 9. "[B]oth [Carrero] and [Pereira] promised to pay [Cyril] directly." *Id.*, ¶ 13. "All three men"—Cryil, Carrero, and Pereira—"shook hands" after agreeing on payment conditions. *Id.*, ¶ 19-20. Second, taking Plaintiffs' well-pleaded material allegations as true, the absence of co-Plaintiff Jonas' affidavit does not resolve any dispute of material fact. Third, giving Plaintiffs' benefit of all favorable inferences, the correspondence between Plaintiff Jonas and Defendant Pereira can be read to confirm the written contract between them without denying the existence of

*Cyril v. Pereria et al.*
1:16-cv-00017
Report and Recommendation
Page 8

an oral agreement between Plaintiff Cyril and Defendants Carrero and Pereira.[9] Thus, there remains a genuine dispute of material fact regarding whether an oral contract existed—and was breached—between Plaintiff Cyril and Defendants Carrero and Pereira.

### 3. Grand Larceny/Theft is Mispleaded

Grand larceny is a crime. *See* 14 V.I.C. §§ 1081, 1083.

Defendants argue that "Count I, which is the Grand Larceny claim, is subject to dismissal because grand larceny is a crime, not a civil tort." Mot. at 6; *see also* 14 V.I.C. § 1083. Plaintiffs do not address this argument in their response. *See* Opp'n.

As a criminal claim on its face, Count I must be dismissed from this civil action.

### 4. Economic and Independent Duty Doctrines[10]

The economic loss doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract." *Weiss*, 2016 U.S. Dist. LEXIS 50436, at *14 (quoting *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 671 (3d Cir. 2002).

The gist of the action doctrine is a common law doctrine that seeks to prohibit tort recovery for contractual breaches. *Id*. at *11 (citing *Addie v. Kjaer*, 737 F.3d 854, 865 (3d Cir. 2013). While a contractual relationship does not prohibit parties from bringing tort claims against one another, the gist of the action doctrine "precludes tort suits for the mere

---

[9] "My purpose for copying Allan and George [Plaintiff Cyril] is very simple. The money being held by you includes payment to them and they do need to get paid." E-mail from Plaintiff Jonas to Defendant Pereira (April 29, 2010 at 12:00:58 PM) (ECF No.77-9 at 4).

[10] Neither of the cases cited by Defendants use the term "independent duty doctrine." *See Davis v. Ragster*, 49 V.I. 932 (D.V.I. 2008) and *Abney v. University of the Virgin Islands*, 2016 U.S. Dist. LEXIS 59947 (D.V.I. 2016). However, both refer to the economic loss doctrine and the gist of the action doctrine. Thus, the Court will apply the terminology present in the caselaw.

*Cyril v. Pereria et al.*
1:16-cv-00017
Report and Recommendation
Page 9

breach of contractual duties unless the plaintiff can point to separate or independent events giving rise to the tort." *Id*. at *11 (citing *Addie*, 737 F.3d at 866 (3d Cir. 2013)). The doctrine bars tort claims: (1) arising solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where liability stems from a contract; or (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of a contract. *Id*. at *11-12. The Third Circuit has held that the gist of the action doctrine is applicable in the U.S. Virgin Islands. *Id*. at *12 (citing *Addie*, 737 F.3d at 866 (3d Cir. 2013).

In assessing whether such a duty exists, the gist of the action test is used to determine whether tort claims that accompany contract claims should be allowed as freestanding causes of action or rejected as illegitimate attempts to procure additional damages for a breach of contract. *Davis v. Ragster*, 49 V.I. 932, 944 (D.V.I. 2008) (internal citations and quotations omitted). The gist of the action test requires that the Court consider the essential nature of the claim as distinguished between contract and tort on a basis of the duties allegedly breached. *Id*. at 944-45 (internal citations and quotations omitted). An independent tort action is not cognizable where there is no duty owed to the plaintiff other than the duty arising out of the contract itself. *Id*. at 945 (internal citations and quotations omitted).

Defendants argue that "Counts II [conversion] and V [intentional infliction of emotional distress] . . . should be dismissed under both the economic loss doctrine and the independent duty doctrine." Mot. at 6. Defendants argue that these allegations of tortious

*Cyril v. Pereria et al.*
1:16-cv-00017
Report and Recommendation
Page 10

conduct "are simply re-labeled contract claims" and do not properly arise from a duty or obligation independent of the contract. Mot. at 6. Plaintiffs do not address this argument in their response. *See* Opp'n.

While Plaintiffs' claims overlap to some extent, it is not clear at this stage of the proceedings whether the "gist" of Plaintiffs' action sounds in tort or contract. *Weber Display & Packaging v. Providence Washington Ins. Co.*, Civil Action No. 02-7792, 2003 U.S. Dist. LEXIS 2187 at *12 (E.D. Pa. Feb. 10, 2003) ("Often times, without further evidence presented during discovery, the court cannot determine whether the gist of the claim is in contract or tort."). Plaintiffs allege that Defendants took Plaintiffs' property and have refused to return it. SAC at 8. Plaintiffs allege that Defendants promised to pay, but instead took the scrap metal without paying, which caused Plaintiffs to suffer humiliation, mental anguish, and emotional and physical distress. SAC at 10.

If Defendants' alleged conversion and IIED were ultimately found to be part of the parties' contract—the existence and terms of which remain in dispute—then contract claims would be the appropriate vehicle for relief. If the alleged conversion and IIED were not found to be part of the contract, then tort claims would be the appropriate vehicle for relief. If Plaintiffs' contract claims move forward, Plaintiffs' tort claims may ultimately be barred. *Weiss*, 2016 U.S. Dist. LEXIS 50436, at *13 (internal citations omitted). Plaintiffs may pursue their tort claims if their contract claims are ultimately unable to move forward.

At the pleading stage, Plaintiffs are permitted to plead alternative or inconsistent claims under Federal Rule of Civil Procedure 8(d)(2). *Weiss*, 2016 U.S. Dist. LEXIS 50436, at

*Cyril v. Pereria et al.*
1:16-cv-00017
Report and Recommendation
Page 11

*13 (citing *Indep. Enterprises Inc. v. Pittsburgh Water & Sewer Auth.*, 103 F.3d 1165, 1175 (3d Cir. 1997) (courts must not construe a plaintiff's first claim as an admission against a later inconsistent claim, particularly where the alternative claims may require in-depth inquiries into the parties' intentions). Plaintiffs are therefore permitted to plead both contract and tort claims, even if some of Plaintiffs' tort claims could eventually be barred by the gist of the action doctrine. At this early stage of the litigation, with the content of the parties' agreement in dispute, it is premature to bar any of Plaintiffs' tort claims based on the gist of the action doctrine.

The economic loss doctrine is closely related to the gist of the action doctrine, and the two doctrines have been used interchangeably at times. *Weiss*, 2016 U.S. Dist. LEXIS 50436, at *14. As discussed above, it is unclear as to whether Plaintiffs' claims will ultimately sound in contract or tort. Therefore, it is premature to bar any tort claims based on the economic loss doctrine.

**5. Plaintiffs Have Stated a Claim of Misrepresentation**

For fraud in the inducement, plaintiffs must plead with particularity "(1) a specific false representation of material fact, (2) knowledge of its falsity by the person who made it, (3) ignorance of its falsity by the person to whom it was made, (4) the maker's intention that it should be acted upon, and (5) detrimental reliance by the Plaintiff." *Miler v. AARP Servs.*, Civil Action No. 1:19-49, 2021 U.S. Dist. LEXIS 62638 at *11 (D.V.I. 2021) (citation omitted); *see also Fitz v. Islands Mech. Contractor, Inc.*, 53 V.I. 806, 826 (D.V.I. 2010) ("In the

*Cyril v. Pereria et al.*
1:16-cv-00017
Report and Recommendation
Page 12

Virgin Islands, a fraudulent inducement claim has essentially the same elements as common law fraud.").

A misrepresentation claim requires proof of the same elements as legal fraud with one additional requirement: a showing that defendants failed to exercise reasonable care in communicating the information. *Miler*, 2021 U.S. Dist. LEXIS 62638, at *11 (internal citations and quotations omitted).

Defendants construe the unspecified Count III (SAC at 8) as promissory estoppel and argue that Count III "should be dismissed because [promissory estoppel] may only be asserted in the absence of an express contract." Mot. at 6. Plaintiffs make no mention of promissory estoppel in their response but do assert that they "have stated a claim for misrepresentation against these defendants." Opp'n at 4. Defendants accurately state that none of Plaintiffs' counts are denominated as fraud or misrepresentation. Reply at 8; *see also* SAC. Defendants infer that "Plaintiffs are apparently taking the position that Count III of the Second Amended Complaint, which is untitled, sounds in fraud, rather than promissory estoppel." Reply at 8. Upon consideration of the parties' filings, the Court will construe Count III as a claim for misrepresentation.

Defendants argue that Plaintiffs have not pled fraud with particularity as required by Rule 9(b). *Id*. Defendants argue that Plaintiffs have not shown that the contents of FirstBank's letter were false, or "even a scintilla of evidence that Jonas Scrap was not paid amounts Jonas claimed were still owed under the contract because Seacape or Caribbean Scrap lacked the wherewithal to make those payments." *Id*. at 9.

*Cyril v. Pereria et al.*
1:16-cv-00017
Report and Recommendation
Page 13

Plaintiffs argue that Plaintiff Cyril "relied on this representation [the letter from FirstBank] to enter into an agreement with defendants, to his detriment" and that "Defendants presented this information in order to induce Cyril to surrender his goods." Opp'n at 4-5. After which Defendants "failed and refused to pay him." *Id.* at 5.

The letter at issue, dated April 1, 2010, is addressed to Plaintiff Jonas' Scrap Metal & Recycling and signed by the Branch Manager of the Coral Gables Office of Defendant FirstBank. ECF No. 77-7. The body of the letter reads

> As per Mr. Jose Carrero's request we are sending you this letter to confirm that Caribbean Scrap Metal currently enjoys a business account at FirstBank Florida with a current balance of $805,000.00.
>
> As per communication dated April 1, 2010; Mr. Carrero indicates that these funds are intended for payment of goods sold by your company (see letter attached).
> *Id.*

Plaintiffs must show that Defendants Carrero and Caribbean Scrap made a specific false representation; Defendants knew this was false and that Plaintiffs did not know it was false; and that Defendants intended that Plaintiffs act upon the false information and that Plaintiffs detrimentally relied upon the falsity.

The letter contains two possible misrepresentations: first, that Defendants had a $805,000.00 balance; second, that Defendant Carrero intended to use those funds to pay Plaintiff Jonas.

Plaintiffs have not properly pled that the $805,000.00 balance in Caribbean Scraps' business account at FirstBank was a specific false representation. Plaintiffs have not pled

*Cyril v. Pereria et al.*
1:16-cv-00017
Report and Recommendation
Page 14

with particularity that Defendants Carrero and Pereira did *not* have $805,000.00 in a business account with FirstBank. Plaintiffs have not alleged that Defendants Carrero and Pereira failed to pay Plaintiffs because they did not have the funds to do so; thus, the letter showing $805,000.00 in a business account with FirstBank may not have been a falsity.

Giving Plaintiffs benefit of all favorable inferences that might be reasonably drawn from evidence, Plaintiffs have pled a specific false representation by Defendant Carrero to Plaintiff Jonas. Both Defendants Carrero and Pereira's oral promise to Plaintiff Cyril to pay Plaintiff Cyril for the full load of the scrap metal and the letter provided may be specific false representations. The letter—generated by FirstBank and given to Plaintiff Cyril[11] by Defendants Carrero and Pereira—reads "Mr. Carrero indicates that these funds are intended for payment of goods sold by your [Plaintiff Jonas'] company (see letter attached)."[12] ECF No. 77-7. Taking Plaintiffs' material allegations as true, Defendants Carrero and Pereira provided this letter, containing the quoted assertion, to Plaintiff Cyril knowing that Defendants did not intend to use those funds for payment. Since the letter was provided upon Plaintiff Cyril's request for payment, it can be inferred that Defendants Carrero and Pereira intended for Plaintiffs to act—continue loading the scrap metal—based on the letter. Plaintiffs continued to load the scrap metal and allege that the following morning, the barge had left the pier, without Plaintiff Cyril receiving payment. SAC at 6.

---

[11] There is inconsistency in whether the letter was given directly to Plaintiff Cyril. It is addressed to Plaintiff Jonas. *Infra* n.5.

[12] The referred-to letter by "see letter attached" has not been provided by any party.

*Cyril v. Pereria et al.*
1:16-cv-00017
Report and Recommendation
Page 15

Bifurcation of either the issues or the parties would provide clarity on this claim. If an oral contract is found to exist between Plaintiff Cyril and Defendants, then the promise to pay and the presentation of the FirstBank letter may be misrepresentation that Defendants intended to pay Plaintiff Cyril. If no oral contract is found to exist, then no misrepresentation has been made to Plaintiff Cyril. Then, the FirstBank letter may only be a misrepresentation to Plaintiff Jonas that Defendants intended to use the funds to pay Plaintiff Jonas. The FirstBank letter is addressed to Plaintiff Jonas, but the SAC does not indicate when he received or viewed the letter, or how he specifically—as opposed to plaintiffs generally—detrimentally relied upon the letter.

At this early stage of the litigation, with the content of the parties' agreement(s) in dispute, it is premature to summarily judge Plaintiffs' misrepresentation claim because there remains a genuine dispute as to material facts.

### IV.   CONCLUSION

There remains genuine dispute as to material facts. Accordingly, the undersigned hereby **RECOMMENDS** that Defendants José Carrero and Caribbean Scrap, LLC's Motion for Summary Judgment (ECF No. 69) be **DENIED**; and

Plaintiffs' claim of grand larceny/theft against Defendants Carrero and Caribbean Scrap be **DISMISSED** for failure to state a claim.

Any objections to this Report and Recommendation must be filed in writing within fourteen (14) days of receipt of this notice.  28 U.S.C. § 636(b)(1).  Any objections must "specifically identify the portions of the proposed findings, recommendations or report to

*Cyril v. Pereria et al.*
1:16-cv-00017
Report and Recommendation
Page 16

which objection is made and the basis of such objection." LRCi 72.3.  Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge.  *See, e.g., Thomas v. Arn*, 474 U.S. 140 (1985).

                              ENTER:

Dated: November 10, 2021                /s/ George W. Cannon, Jr.
                                                 GEORGE W. CANNON, JR.
                                                 U.S. MAGISTRATE JUDGE