# DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| GEORGE T. CYRIL, SR., and EVERETTE S. JONAS, )<br><br>Plaintiffs, )<br><br>v. )<br><br>JOSE PEREIRA, JR., JOSE CARRERO, CARIBBEAN SCRAP METAL, CARIBBEAN BARGE, A.R. SAVAGE & SON, LLC, FIRST BANK FLORIDA, ONE STEEL RECYCLING, and MARITECH COMMERCIAL, INC., )<br><br>Defendants. ) | Civil Action No. 2016-0017 |

**Attorneys:**

**Ronald E. Russell, Esq.,**
St. Croix, U.S.V.I.
    *For the Plaintiffs*

**Charlotte K. Perrell, Esq.,**
**Stefan B. Herpel, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendants Jose Carrero and*
    *Caribbean Scrap Metal LLC*

**Elise Catera, Esq.,**
**Warren B. Cole, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant FirstBank Florida*

**Charles Edward Lockwood, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant One Steel Recycling*

**Matthew J. Duensing, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendant Maritech Commercial, Inc.*

**MEMORANDUM OPINION AND ORDER**

**Lewis, District Judge**

THIS MATTER comes before the Court on Defendant Maritech Commercial Inc.'s ("Maritech") "Motion for Attorneys' Fees and Costs" ("Fee Petition") (Dkt. No. 119) and Plaintiffs' Response thereto (Dkt. No. 124). Maritech seeks $16,947.50 in attorneys' fees and $31.75 in costs under 5 V.I.C. § 541 ("Section 541"), pursuant to Rule 54 of the Federal Rules of Civil Procedure. For the reasons discussed below, the Court will deny Maritech's Fee Petition.

I. **BACKGROUND**

The Court assumes the parties' familiarity with the facts and procedural history, which have been detailed at length in the Court's July 14, 2022 Memorandum Opinion. (Dkt. No. 117). In sum, the claims in this case involve the alleged conversion of scrap metal. As relevant to Maritech's Fee Petition, Plaintiffs' operative pleading is their Second Amended Complaint ("SAC"), which consists of six counts, each of which run against all Defendants: (1) "Grand Larceny"; (2) Conversion; (3) Fraudulent Misrepresentation; (4) Breach of Contract; (5) Breach of Good Faith and Fair Dealing; and (6) Intentional Infliction of Emotional Distress. (Dkt. No. 65 at 3; *see also* Dkt. No. 118 at 5 n.3-n.6 (noting various ambiguities in Plaintiffs' SAC; construing Plaintiffs' six counts in this manner; and explaining the Court's rationale for doing so)). Maritech moved to dismiss all six counts for failure to state a claim upon which relief can be granted. (Dkt. No. 59). The Court referred Maritech's motion to the Magistrate Judge, who recommended that the Court grant it. (Dkt. No. 106). The Court subsequently adopted the Magistrate Judge's Report and Recommendation and dismissed all of Plaintiffs' claims against Maritech with prejudice. (Dkt.

No. 117 at 3). Maritech has now moved for attorneys' fees and costs. (Dkt. No. 119). Plaintiffs timely responded. (Dkt. No. 124).[1]

For the reasons set forth below, the Court will deny Maritech's Fee Petition.

## II. DISCUSSION

### A. Attorneys' Fees

#### 1. Applicable Legal Principles

Rule 54 of the Federal Rules of Civil Procedure establishes the procedure through which parties may claim costs and attorneys' fees in federal court. *Abrams v. Lightolier*, 50 F.3d 1204, 1224 (3d Cir. 1995). The Rules of Civil Procedure, however, are silent as to the rule of decision to be applied in awarding such fees; thus, courts must look to another source of substantive law to determine whether a party is entitled to attorneys' fees. *Id.* Where—as here—a district court sits in diversity jurisdiction, state substantive law supplies the rule of decision. *Mitzel v. Westinghouse Elec. Corp.*, 72 F.3d 414, 417 (3d Cir. 1995).

Section 541, which governs the award of attorneys' fees in the Virgin Islands, provides that a court may allow a "prevailing party . . . such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto; provided, however, the award of attorney's fees in personal injury cases is prohibited unless the court finds that the complaint filed or the defense is frivolous." 5 V.I.C. § 541(b). The fee petitioner bears the

---

[1] Maritech's Motion for Attorneys' Fees and Costs was filed on July 28, 2022 (Dkt. No. 119). Subsequently, on August 9, 2022, Maritech and FirstBank Florida filed a Joint Motion for a Rule 54(b) Certification. (Dkt. No. 121). In a reply memorandum filed October 14, 2022 in support of the Rule 54(b) Joint Motion, Maritech requested that the Court withhold its ruling on the Fee Petition until the Rule 54(b) Certification is resolved and permit Maritech to file a reply in support of the Fee Petition thereafter. (Dkt. No. 126 at 1). This request—made in an unrelated reply memorandum approximately two and one-half months after Maritech filed its Fee Petition and over two months after the filing of the Rule 54(b) Certification Motion—is untimely and contrary to the basic premise that requests for relief from the Court are to be made by motion. The Court will not consider nor honor such an improperly presented request.

burden of demonstrating either that the case is not a personal injury case (such that the petitioner need not demonstrate frivolity as a precondition to the award of fees), or, if the case is a personal injury case, that the complaint filed or defense presented is frivolous. *Berlin v. Patrick*, 855 F. Supp 800, 801 (D.V.I. 1994); *see also* V.I.C. § 541(c) (defining frivolous to mean "(i) without legal or factual merit; or (ii) for the purpose of causing unnecessary delay; or (iii) for the purpose of harassing an opposing party.").

Under Section 541, a party that has "substantially prevailed on the merits" qualifies as a prevailing party. *DaCosta v. DaCosta*, 74 V.I. 640, 645-46 (V.I. 2021); *see also Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 603-4 (2001) (defining a prevailing party as "one who has been awarded some relief by a court" such that there has been a "material alteration of the legal relationship of the parties"). In determining whether a prevailing party is entitled to attorneys' fees, courts evaluate the reasonableness of the party's requested fees using the familiar lodestar method: multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see Mahabir v. Heirs of George*, 75 V.I. 369, 375-76 (V.I. 2021) (holding that the lodestar method articulated by the Supreme Court for analyzing claims for fees under 42 U.S.C. § 1988 applies to Section 541). The monetary amount resulting from the lodestar calculation is "presumed to be the reasonable fee," to which the prevailing party is entitled. *Mahabir*, 75 V.I. at 376 (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).

The fee petitioner bears the burden of showing the reasonableness of both his attorneys' rates and the hours expended. *Id.* at 376. To show that his attorneys' hourly rates are reasonable, the petitioner must satisfy the court that the rates accord with those prevailing in the relevant legal community for lawyers of comparable skill, experience, and reputation working on cases of comparable complexity. *Id.* at 377 (citing *Blum*, 465 U.S. at 895 n.11). To show that his attorneys'

4

hours are reasonable, the petitioner must "document the hours for which payment is sought with 'sufficient specificity to allow the [court] to determine whether the hours claimed are unreasonable for the work performed.'" *Evans v. Port Auth. of New York and New Jersey*, 273 F.3d 346, 361 (3d Cir. 2001) (quoting *Washington v. Philadelphia Cnty. Ct. of Common Pleas*, 89 F.3d 1031, 1087 (3d Cir. 1996)). A petitioner fails to carry his burden where he "fails to submit adequate documentation supporting the hours worked and rates claimed." *Mahabir*, 75 V.I. at 377 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

### 2. Entitlement to Attorneys' Fees

Plaintiffs do not argue that Maritech does not qualify as a prevailing party for purposes of Section 541. Given that all of Plaintiffs' claims against Maritech have been dismissed with prejudice, Plaintiffs rightly concede as much. *See Branker v. Hotel on The Cay Timeshare Ass'n*, No. 03-CV-00131, 2009 WL 2244620, at *2 (D.V.I. July 24, 2009) (party is prevailing party where claims against it have been dismissed with prejudice). Nonetheless, Plaintiffs oppose Maritech's Fee Petition on two grounds, both of which go to whether Section 541 authorizes fee-shifting under the circumstances here.

First, Plaintiffs argue that Section 541 "applies only to fees for the litigant who succeeds in pursuing or defending Virgin Islands claims," and that, because "this case was brought in federal court pursuant to [the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968], which is a federal statute," Section 541 does not authorize fee-shifting here. (Dkt. No. 134 at 5). Plaintiffs are correct that Section 541—a territorial law—only authorizes fee-shifting for territorial claims. *Figueroa v. Buccaneer Hotel Inc.,* 188 F.3d 172, 183 (3d Cir. 1999). They are, however, wrong in asserting that they brought RICO claims in this case. Rather, Plaintiffs brought six territorial claims. Moreover, even if RICO or other federal claims had been brought together with the territorial claims, fee-shifting would still be authorized for the territorial

5

claims on a proportional basis under Section 541. *See, e.g.*, *Allahar v. Clinical Labratory, Inc.*, No. 11-CV-00001, 2022 WL 17959449, at *2 (D.V.I. Dec. 27, 2022); *Dorval v. Moe's Fresh Mkt.*, No. 16-CV-00061, 2019 WL 668217, at *3 (D.V.I. Feb. 19, 2019). Plaintiffs' first argument therefore fails.

Second, Plaintiffs argue that Section 541 does not authorize fee-shifting here because their claims against Maritech were not frivolous. (Dkt. No. 124 at 3-4). Implicit in Plaintiffs' argument is the contention that this case qualifies as a personal injury case such that Maritech must demonstrate the frivolity of Plaintiffs' SAC as a precondition to the award of fees.[2] *See* 5 V.I.C. § 541(b) (providing "the award of attorney's fees in personal injury cases is prohibited unless the court finds that the complaint filed or the defense is frivolous"); *see also Mahabir*, 75 V.I. at 380 (observing the Virgin Islands Legislature enacted Section 541(b) "for the express purpose of abrogating the American Rule in all matters other than non-frivolous personal injury cases").

It is ultimately unclear whether this case—which consists of three claims sounding in tort and two claims sounding in contract—qualifies as a personal injury case. *See generally Berlin*, 855 F. Supp at 800 (noting the court "found little help from Virgin Islands case law or legislative history" in determining what qualifies as a personal injury case). However, it is clear that the fee petitioner—here, Maritech—bears the burden of demonstrating either that the case is not a personal injury case (such that the petitioner need not demonstrate frivolity as a precondition to

---

[2] Of note, Plaintiffs contend that this Court may not award attorneys' fees unless it finds that their claims are frivolous *regardless* of whether the lawsuit is classified as a personal injury case—a proposition that is squarely at odds with the plain language of Section 541. (Dkt. No. 124 at 3). Plaintiffs appear to have been led astray by *Rohn v. Daily News Publishing Company*, a Superior Court case that erroneously states the relevant rule. *See* 72 V.I. 301, 307 (Super. Ct. 2019) (observing that "a court's discretion to award attorneys' fees is available only to the prevailing party, in a non-personal injury, civil action, where neither the complaint nor defense is frivolous" and that "a plain reading of the statute indicates that all three elements (prevailing party, non-personal injury suit, and non-frivolous) are required for the court to invoke its discretion.").

the award of fees) or that the complaint filed is frivolous (if the case is a personal injury case). *Id.* at 801.

Here, Maritech has done neither. It has therefore forfeited any argument that frivolity is not a precondition to the award of fees or, alternatively, that Plaintiffs' Complaint satisfies the statutory criteria for frivolity. *See Barna v. Bd. of Sch. Directors of Panther Valley Sch. Dist.*, 877 F.3d 136, 147 (3d Cir. 2017) (party forfeits arguments it fails to raise); *see also* 5 V.I.C. § 541(c) (listing three statutory criteria for frivolity); Dkt. No. 124 (Pls' Resp.) at 4 (observing that Maritech has "not presented any evidence or argument that Plaintiffs' Complaint meets any of the three statutory criteria regarding frivolity).

In view of the foregoing, the Court finds that Maritech has failed to carry its burden to demonstrate that Section 541 authorizes an award of attorneys' fees here. Maritech's request for fees will therefore be denied.[3]

### B. Costs

#### 1. Applicable Legal Principles

Rule 54 of the Federal Rules of Civil Procedure also governs the award of costs in federal court, providing that, with exceptions not relevant here, "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54 creates a "strong

---

[3] The Court feels compelled to note that beyond Maritech's failure to demonstrate that Section 541 authorizes an award of fees, Maritech's Fee Petition is glaringly deficient. For example, Attorney Matthew Duensing's Affidavit identifies seven persons as having performed legal work for Maritech in this matter, together with the corresponding rate at which each person billed. (Dkt. No. 119-2 at ¶ 3). However, Maritech's Fee Petition, Attorney Duensing's Affidavit, and the billing records do not contain any identifying information pertaining to any of the seven persons who worked on the case except for Attorney Duensing. As such, there is no record evidence to inform the Court which, if any, of Mr. Sauerwein, Ms. Duensing, Ms. Schmeiske, Ms. Hoonaker, and Ms. Peterson are attorneys, paralegals, or otherwise. Nor is there any record evidence indicating the experience level or skills of each. Such basic information, is, of course, necessary for the Court to assess the reasonableness of rates charged.

presumption" that costs are to be awarded to the prevailing party, and the "losing party bears the burden of making the showing that an award is inequitable under the circumstances." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462-63 (3d Cir. 2000). Thus, it is only "if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power" that costs should "be reduced or denied to the prevailing party." *Id.* at 468.

Generally, costs taxable under Rule 54 are those listed in 28 U.S.C. § 1920 ("Section 1920"). *Friedman v. Ganassi*, 853 F.2d 207, 209 (3d Cir. 1988). However, only a "court of the United States" may tax costs under Section 1920, and the District Court of the Virgin Islands does not so qualify. *Dr. Bernard Heller Found. v. Lee*, 847 F.2d 83, 87 (3d Cir. 1988). Instead, prevailing parties in the District Court of the Virgin Islands who incur certain costs "may be entitled, at the court's discretion, to reimbursement of those costs pursuant to [Section 541]." *Crown Bay Marina, L.P. v. Subbase Drydock, Inc.*, No. 18-CV-00068, 2021 WL 2930070, at *4 (D.V.I. July 12, 2021). Costs, other than attorneys' fees, taxable under Section 541 are:

(1) Fees of officers, witnesses, and jurors;
(2) Necessary expenses of taking depositions which were reasonably necessary in the action;
(3) Expenses of publication of the summons or notices, and the postage when they are served by mail;
(4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure; [and]
(5) Necessary expense of copying any public record, book, or document used as evidence on the trial[.]

5 V.I.C. § 541(a).

## 2. Compensability of Costs

Maritech seeks $31.75 in costs. (Dkt. No. 119 at 3). Specifically, the billing records that Mariech has submitted in support of its Fee Petition specify that Maritech seeks $8.00 in costs corresponding to an entry titled "Photocopies of Dockets from Clerk of Court," as well as $23.75 for an untitled entry. (Dkt. No. 120-1 at 5). Maritech has failed to provide the Court with any

information regarding this latter entry, so as to permit the Court to determine whether it falls within the scope of costs here. Maritech has also failed to provide sufficient factual support or otherwise cite any authority for the proposition that the Court may tax the $8.00 that Maritech expended on photocopies.[4]

Accordingly, notwithstanding the general presumption in favor of awarding costs, the Court finds that Maritech has not shown that its requested costs fall within the scope of the costs allowed under Section 541.

### III.   CONCLUSION

For the foregoing reasons, the Court finds that Maritech has failed to establish that it is entitled to any of its requested attorneys' fees or costs. Accordingly, it is hereby

**ORDERED** that Maritech's Fee Petition (Dkt. No. 119) is **DENIED**.

**SO ORDERED**.

Date: March 31, 2023                                              _____/s/_____
                                                                 WILMA A. LEWIS
                                                                 District Judge

---

[4] While it is conceivable that this $8.00 cost may be taxed under Section 541, which provides for the taxing of "necessary expense[s] of copying any public record," 5 V.I.C. § 541(a)(5), there is no indication that the documents photocopied were copied for the purpose of introducing evidence at trial, a precondition to the taxing of such costs under this provision.