**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| **GEORGE T. CYRIL, SR., and EVERETTE S. JONAS,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **Civil Action No. 2016-0017** |
| **JOSE PEREIRA, JR., JOSE CARRERO, CARIBBEAN SCRAP METAL, CARIBBEAN BARGE, A.R. SAVAGE & SON, LLC, FIRSTBANK FLORIDA, ONE STEEL RECYCLING, and MARITECH COMMERCIAL, INC.,** | ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) ) | |
| _____ | ) | |

**Attorneys:**
**Ronald E. Russell, Esq.,**
St. Croix, U.S.V.I.
*For the Plaintiffs*

**Charlotte K. Perrell, Esq.,**
**Stefan B. Herpel, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendants Jose Carrero and*
    *Caribbean Scrap Metal LLC*

**Elise Catera, Esq.,**
**Warren B. Cole, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant FirstBank Florida*

**Charles Edward Lockwood, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant One Steel Recycling*

**Matthew J. Duensing, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendant Maritech Commercial, Inc.*

<u>**MEMORANDUM OPINION AND ORDER**</u>

**Lewis, District Judge**

THIS MATTER comes before the Court on Defendants Maritech Commercial, Inc., ("Maritech") and FirstBank Florida's ("Firstbank") "Joint Motion for Rule 54(b) Certification of Finality of Orders of Dismissal" ("Joint Motion") (Dkt. No. 121), Plaintiffs' Response thereto (Dkt. No. 124), and Maritech's and Firstbank's Replies (Dkt. Nos. 125, 126). For the reasons that follow, the Court will deny Maritech and Firstbank's Joint Motion.

## I.     BACKGROUND

The claims in this case involve the alleged conversion of scrap metal. The Court assumes the parties' familiarity with the facts and procedural history, which have been detailed at length in the Court's July 14, 2022 Memorandum Opinion. (Dkt. No. 117). As relevant to the Joint Motion, Plaintiffs' operative pleading is their Second Amended Complaint ("SAC), which consists of six counts, each of which run against all Defendants: (1) "Grand Larceny"; (2) Conversion; (3) Fraudulent Misrepresentation; (4) Breach of Contract; (5) Breach of Good Faith and Fair Dealing; and (6) Intentional Infliction of Emotional Distress. (Dkt. No. 65 at 3; *see also* Dkt. No. 118 at 5 n.3-n.6 (noting various ambiguities in Plaintiffs' SAC; construing Plaintiffs' six counts in this manner; and explaining the Court's rationale for doing so)). Maritech and FirstBank both moved to dismiss all six counts for failure to state a claim upon which relief can be granted. (Dkt. Nos. 58, 59). The Court referred those motions to the Magistrate Judge, who recommended that the Court grant both motions. (Dkt. No. 106). The Court subsequently adopted the Magistrate Judge's recommendations and dismissed all of Plaintiffs' claims against Maritech and FirstBank with prejudice. (Dkt. No. 117 at 2-3). Claims against the other Defendants remain pending. *See id.* (specifying which of Plaintiffs' claims remain pending against which Defendants).

Maritech and FirstBank have now moved for Rule 54(b) certification as to the claims asserted against them by Plaintiffs—all of which the Court has dismissed with prejudice. (*See* Dkt. No. 121 at 1 (seeking "certification of the Dismissals of all claims of the Second Amended Complaint against Firstbank and Maritech . . . as final judgments.")). Plaintiffs oppose the Joint Motion. (Dkt. No. 124 at 5-7).

For the reasons discussed below, the Court will deny Maritech and FirstBank's Joint Motion.

## II.    APPLICABLE LEGAL PRINCIPLES

Courts of appeals have jurisdiction over appeals from "final decisions" of district courts. 28 U.S.C. § 1291 ("Section 1291"). Section 1291 limits "the normal jurisdiction of courts of appeal to the reviewing of final judgments," and it expresses the "basic and persisting policy against piecemeal appeals." *Panichella v. Pa. R.R. Co.*, 252 F.2d 452, 454-55 (3d Cir. 1958). "Generally, an order [terminating] fewer than all [claims] in an action or claims against fewer than all the parties to an action does not constitute a 'final' order for purposes of [Section 1291]." *Elliott v. Archdiocese of N.Y.*, 682 F.3d 213, 219 (3d Cir. 2012).

Under Federal Rule of Civil Procedure 54(b), however, "a district court may convert an order adjudicating less than an entire action to the end that it becomes a 'final' decision over which a court of appeals may exercise jurisdiction under [Section 1291]." *Id.* Rule 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). The Third Circuit has explained that Rule 54(b) permits district courts to "separate out final decisions from non-final decisions in multiple party and/or multiple claim litigation in order to allow . . . immediate appeal," *Weiss v. York Hosp.*, 745 F.2d 786, 802 (3d Cir. 1984), and that the Rule is designed to "strike a balance between the undesirability of piecemeal

3

appeals and the need for making review available at a time that best serves the needs of the parties." *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 363 (3d Cir. 1975), *overruled on other grounds by Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 6-7, 9 (1980). "Certification under Rule 54(b) is the exception, not the norm." *Indivior Inc. v. Dr. Reddy's Lab'ys S.A.*, No. 17-CV-07106, 2020 WL 4932547, at *11 (D.N.J. Aug. 24, 2020). "The power which this Rule confers upon the trial judge should be used only in the infrequent harsh case as an instrument for the improved administration of justice and the more satisfactory disposition of litigation in the light of the public policy indicated by statute [28 U.S.C. § 1291] and rule." *Panichella,* 252 F.2d at 455.

There are two criteria that must be satisfied before a district court may certify a judgment on "fewer than all" claims or parties for appeal. *Curtiss*-Wright, 446 U.S. at 7-8. First, there must be "a final judgment on the merits, *i.e.*, an ultimate disposition on a cognizable claim for relief." *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 202 (3d Cir. 2006) (citing *Curtiss-Wright*, 446 U.S. at 7-8). Second, the Court must find that "there is no just reason for delay." *Id.* In analyzing the second criterion, the Supreme Court has held that "a district court must take into account judicial administrative interests as well as the equities involved," as such consideration "is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals." *Curtiss-Wright*, 446 U.S. at 8 (internal quotation marks omitted). A trial court must "clearly articulate the reasons and factors underlying its decision to grant 54(b) certification." *Anthuis v. Colt Indus. Operating Corp.*, 971 F.2d 999, 1003 (3d Cir. 1992)). In weighing the factors, the district court has discretion, and its decision is reviewed for abuse of discretion. *Curtiss-Wright*, 446 U.S. at 12-13.

## III. DISCUSSION

Upon consideration of the parties' arguments, the Court declines to grant Rule 54(b) certification. By dismissing all of Plaintiffs claims against Maritech and FirstBank with prejudice while permitting Plaintiffs to proceed on a number of their claims against various other co-defendants, the Court's July 14, 2022 Order adjudicated "fewer than all the claims or the rights and liabilities of fewer than all the parties." (Dkt. No. 117; *see* Fed.R.Civ.P. 54(b)). However, while the Court's July 14 Order was final as to Martiech and Firstbank, thereby satisfying the first part of the two-step analysis, the Court is unconvinced that the second portion of the test, regarding whether there is no just reason for delay, weighs in favor of Martiech and Firstbank.

In making this determination, the Court considers the arguments of the parties in light of the five factors set forth in *Berckeley*:

> **(1)** The relationship between the adjudicated and unadjudicated claims,
>
> **(2)** The possibility that the need for review might or might not be mooted by future developments in the district court,
>
> **(3)** The possibility that the reviewing court might be obliged to consider the same issue a second time,
>
> **(4)** The presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final,
>
> **(5)** Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

455 F.3d at 203 (quoting *Allis-Chalmers Corp.,* 521 F.2d at 362).

***First and Third Factors.*** The first and third factors consider the relationship between the adjudicated and unadjudicated claims and the possibility that a reviewing Court might be obliged to consider the same issue a second time. "Where the adjudicated and unadjudicated claims share significant similarities, such as involving the same parties, the same legal issues, or the same evidence, Rule 54(b) certification is disfavored." *Ortho-McNeil Pharm., Inc. v. Kali Labs, Inc.*,

2007 WL 1814080 at *3 (D.N.J. June 20, 2007). Here, Plaintiffs brought identical legal claims against all Defendants in this case, and a number of Plaintiffs' claims against Martiech and Firstbank's co-defendants survive. (*See* Dkt. No. 117 (specifying claims that survive against codefendants)). The claims against these co-defendants are based on the same circumstances, and share the same basic facts and evidence, as the claims that the Court dismissed against Maritech and Firstbank. The first and third factors therefore counsel against certification. *See Levine v. Banc Alt LLC*, No. 18-CV-06400 , 2021 WL 1345868, at *2 (D.N.J. Apr. 9, 2021) (denying Rule 54(b) certification notwithstanding that two defendants "played different roles in the transaction" at issue, given the  "the close relationship between the adjudicated and unadjudicated claims" that Plaintiff brought against each); *Amboy Bancorporation v. Jenkens & Gilchrist*, No..02-CV-05410, 2009 WL 4117355, at *2 (D.N.J. Nov. 18, 2009) ("[W]hen pending claims share supporting facts with those claims for which a party seeks certification, certification for review is inappropriate because it may potentially result in the inefficient use of the reviewing court's resources.").

**Second Factor.** Under the second factor, the Court considers the possibility that the need for review might or might not be mooted by future developments in the district court by asking whether "resolution of additional issues . . . would reach back to alter or moot the rulings made thus far as to the [decision here]." *Indivior*, 2020 WL 4932547 at *13. The Third Circuit counsels against Rule 54(b) certification where "the entire recovery the plaintiff originally sought still [can be] awarded under the remaining count[s]." *Gerardi v. Pelullo*, 16 F. 3d 1363, 1372 (3d Cir. 1994). Here, Plaintiffs have the potential to recover fully from the defendants who remain in the case, which would moot the need to appeal the judgment as to Maritech and Firstbank. *See Sussex Drug Prod. v. Kanasco, Ltd.*, 920 F.2d 1150, 1156 (3d Cir. 1990) (holding that certification was inappropriate when "[t]he possibility exists [ ] that the need to review the issues currently appealed

may be mooted by future developments in the district court"). The second factor, therefore, also counsels against certification.

**Fourth Factor.** As this factor is inapplicable here, the Court finds that this factor is neutral.

**Fifth Factor.** Finally, the Court considers miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. *See Curtiss-Wright*, 446 U.S. at 8 ("[A] district court must take into account judicial administrative interests as well as the equities involved" when evaluating motions under Rule 54(b)"). Such considerations are required in order to "preserve[ ] the historic federal policy against piecemeal appeals." *Id.* Maritech and Firstbank argue that denying certification would require that they "remain in the action, monitor the case activity, and be prepared (in theory) to defend a meritless appeal[.]" (Dkt. No 126 at 2; Dkt No. 125 at 2). While Maritech and Firstbank may suffer some inconvenience and monitoring expenses, these factors do not outweigh the adverse impact on the orderly administration of justice and the policy considerations that underline Rule 54(d). *See Panichella*, 252 F.2d at 455 ("The power which this Rule confers upon the trial judge should be used only in the infrequent harsh case as an instrument for the improved administration of justice and the more satisfactory disposition of litigation in the light of the public policy indicated by statute [28 U.S.C. § 1291] and rule."). Accordingly, the Court finds that the fifth factor also weighs against certification.

In view of the foregoing—four factors counseling against certification, and one neutral factor—the Court cannot find that there is no just reason for delay here.

Accordingly, it is hereby,

      **ORDERED** that Maritech and FirstBank's "Joint Motion for Rule 54(b) Certification of Finality of Orders of Dismissal" (Dkt. No. 121) is **DENIED**.

      **SO ORDERED**.

Date: March 31, 2023

                                 _____/s/_____
                                   WILMA A. LEWIS
                                   District Judge